PATRICK WILLIAMS *et als., Exparte*.

WILL. *Probate conclusive unless set aside.* A will disposing of realty executed in the form prescribed by statute, and proven in common form in the County Court, the probate remaining in force, cannot be held inoperative in a proceeding to sell the land for partition, upon proof that the testatrix was an infant at the time of her death. The probate is conclusive until set aside upon contest in the Circuit Court.

FROM BEDFORD.

Appeal from the County Court of Bedford county.

---

Patrick Williams *et als., Exparte.*

---

WHITESIDE & DAVIDSON for petitioner.

McFARLAND, J., delivered the opinion of the court.

This is a petition to the County Court to sell, for partition, a tract of land of which John Koonce died seized and possessed, which descended to his heirs. The controversy arises as to the disposition of the proceeds of the share which belonged to Ellen Koonce, a daughter of said John Koonce, who died after her father, unmarried and without issue. This share is claimed by one of the petitioners, another sister, under the will of said Ellen, which was duly executed in the form prescribed by statute for devising realty, and was duly proven in common form in the County Court after her death, the probate remaining in force.

The County Court denied the claim and gave the share to the brothers and sisters as her heirs, upon the ground that it appeared that said Ellen was only about sixteen years of age at the time of her death. From this decree there was an appeal to this court. It is not insisted on behalf of the appellant that an infant may make a valid devise of realty, but it is insisted that the probate in the County Court is conclusive until set aside, and the only mode in which it may be done, is upon a contest successfully prosecuted upon an issue *devisavit vel non* in the Circuit Court. And so we hold the law to be in this State. See *Hodges* v. *Bauchman,* 8 Yer., 186; *Roberts* v. *Stewart,* 2 Swan., 162; *Byrn* v. *Fleming,* 3 Head, 658; *Edmondson* v. *Carroll,* 2 Sneed. 678.

The question as to the infancy of the testatrix

might undoubtedly have been made upon the offer of the will for probate in the County Court, or upon a contest in the Circuit Court, and the judgment of the court establishing the will would, if unreversed, have been conclusive, whether the court in fact adjudged that she was of full age, or that an infant might devise realty. In either case it would have been the judgment of a court of exclusive jurisdiction, and in the nature of a proceeding *in rem.* So that upon principle the probate must be as conclusive of the testamentary age of the testatrix as it is of testamentary capacity in other respects, until set aside in the regular mode.

The decree must be reversed, and a decree for Williams and wife.