Jenkins *v.* Jenkins *et al.*

(*Nashville*, December Term, 1934.)

Opinion filed January 12, 1935.

Luther Creasy, of Gallatin, and J. M. Chamberlain, of La Fayette, for plaintiff in error.

J. R. Smith, of La Fayette, for defendants in error.

Mr. Justice Chambliss delivered the opinion of the Court.

On the 3d of February, 1933, a petition was filed in the Macon county court propounding for probate the nuncupative will of Mrs. America White, who had died January 3d of that year. The will was dated January 21, 1933, and it was alleged that it had been made October 21, 1932. Process was prayed for the defendants, heirs at law and next of kin of the testatrix. The will was exhibited with the petition signed by the witnesses, and the petition was duly sworn to by one of the witnesses, who filed the petition as next friend of the minor beneficiary.

A demurrer was filed for the defendants, whereupon the county court, on the 18th of March, 1933, certified the contest thus presented to the circuit court, Paul A. Carter filing his oath that he was an heir at law of the estate and, as such, desired to contest the probate of the will, and that, owing to his poverty, he was unable to make bond, etc.

Four grounds were set up by the demurrer, three of which were overruled by the circuit judge and the fourth sustained; this ground being as follows:

"Because the petition shows on its face, that the testatrix, America White, died January 3rd, 1933, and that her will was reduced to writing January 20th, 1933, which is more than ten days, and not within the time required by the statute, and no proof can now be offered because more than six months has already expired. Section 3899 of the Code [Shannon's]."

Petitioner has appealed and assigns the sustaining of this ground of demurrer as error; also that the trial court erred in adjudging the costs against petitioner.

Section 8095 of the 1932 Code (Shannon's 3899) provides as follows: "No nuncupative will shall be proved by the witnesses after six months from the making, unless it were put in writing within ten days from the death of the testator; nor shall it be proved till fourteen days after the death of the testator; nor till process has issued to call in the widow or next kin, or both, if conveniently to be found, to contest it."

Apparently, the trial judge treated the Code requirement that "no nuncupative will shall be proved by the witnesses after six months from the making" as controlling. It will be seen that the demurrer states that "no proof can now be offered because more than six months has already expired." The transcript fails to show the exact date of the filing of the demurrer, but it was quite evidently filed between the filing of the petition, on February 3, 1933, and the making of the court's order of transfer to the circuit court, which is dated March 18, 1933. Now the date of the making of the will is alleged to have been October 21, 1932, and therefore the six months did not expire until April 21, 1933. The demurrer relates, of course, to the date of its filing, and, having been filed on or before March 18th, its recital was not then true that "more than six months has already expired." If the county court had assumed jurisdiction and then passed on this ground of the demurrer, he would have been compelled to overrule it and proceed to hear the proof.

It appears that the action of the circuit judge was upon this demurrer originally filed in the county court. When he passed on the demurrer, many months later, much more than six months had elapsed since the making of the will, but should not the sufficiency of the de-

murrer .have been tested as of the date of its filing and in the light of the facts then appearing, rather than as of the time of its disposition?

Section 8103 provides that: "Where the validity of any last will or testament, written or nuncupative, is contested, the county court shall cause the fact to be certified to the circuit court," etc.

 The county court is bound to obey the directions of this section; and, if it neglects or refuses to do so, *certiorari* or mandamus will lie to compel performance. *Wisener* v. *Maupin*, 2 Baxt., 342. Nor is the circuit court's jurisdiction defeated by the probate court's failure to comply. The probate of a nuncupative will must be made in solemn form. *Brown* v. *Harris*, 9 Baxt., 386, holds that this is, in substance, required by the statute, section 8095, which provides that: "No nuncupative will shall be proved . . . till process has issued to call in the widow or next kin, or both, if conveniently to be found, to contest it." And, while the county court has jurisdiction to probate a will in solemn form, where the interested parties have been cited and fail to appear, or refuse to contest the will, it has been frequently held that, if they appear and contest, the contest must be certified to the circuit court, to which jurisdiction passes, where the will may be probated in solemn form upon the issue of *devisavit vel non*. Among other cases, see *Burrow* v. *Ragland*, 6 Humph., 481; *Cornwell* v. *Cornwell*, 11 Humph., 485; *Roberts* v. *Stewart*, 2 Swan., 162; *Bank of Tennessee* v. *Nelson*, 3 Head., 634; *Keith* v. *Raglan*, 1 Cold., 474; *Gore* v. *Howard*, 94 Tenn., 577, 30 S. W., 730; *Bowers* v. *McGavock*, 114 Tenn., 438, 85 S. W., 893; *Cowan* v. *Walker*, 117 Tenn., 135, 96 S. W., 967; *Taylor*

v. *Swafford*, 122 Tenn., 303, 123 S. W., 350, 25 L. R. A. (N. S.), 442.

 It therefore appears that the procedure adopted by the petitioner, to set up and prove this will, in filing her petition in the county court and having process served on the interested parties, was the proper one. The petition was filed in time, well within the six-month limit. This was the proper step to prove the will, in compliance with the statute. Sizer's Pritchard on Wills, sections 327 and 328. Now, did a contest arise? The institution of a contest is shown on this record by the demurrer filed and by the filing of the oath in lieu of bond. We do not appear to have any direct holding that a contest may be instituted by the filing of a demurrer, but the practice does not require formalities, Sizer's Pritchard on Wills, section 345; and we are of opinion that the filing of the demurrer herein had the effect of instituting a contest. In addition to raising the issue hereinbefore mentioned, the demurrer set up other grounds of defense to the document as a will, among these that the main attesting witness was "an interested witness," and that this rendered "the will void under the law." It is apparent that the county court viewed the raising of these issues as directly going to the question of the validity of the will offered for probate, as instituting a contest, and, oath being filed in lieu of bond, certified the case to the circuit court without proceeding further.

 We are not of opinion that the demurrer should have been sustained in the circumstances thus set forth. The will was brought into the probate court and tendered to be proved by the witnesses within "six months from the making." It could not be proved under the statute until after process, etc. When, upon the in-

stitution of a contest, the county court certified the case to the circuit court, nothing more could be done to prove the will until the circuit court heard the case. The timely filing of the petition, bringing the will in for proof, tolled the six-month limitation and met the requirements of the statute. The demurrer should have been considered as of the time of its filing and overruled. The judgment will be reversed, and the case remanded for further proceedings.