In re Estate of Harriet A. Mitchell, Deceased. Marie Campbell et al., Appellants, v. Hazel M. Griefen, Appellee.

Gen. No. 40,940.

Heard in the third division of this court for the first district at the October term, 1939. Opinion filed May 22, 1940.

THOMAS A. WALPOLE and EDGAR B. ELDER, both of Chicago, for appellants.

CHAS. O. RUNDALL, of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

A petition was filed in the probate court of Cook county by Hazel M. Griefen, defendant appellee, applying for letters testamentary on the estate of Harriet A. Mitchell, deceased, said petition being based on a purported carbon copy of a last will and testament of said deceased, the original copy of said last will and testament is alleged to have been destroyed during the

lifetime of the said testatrix, but it is alleged that said destruction was not performed, in compliance with the statute, citing Ill. Rev. Stat. 1939, ch. 148, par. 19, sec. 17 [Jones Ill. Stats. Ann. 110.231].

The probate court admitted the carbon copy and ordered that letters testamentary issue to said petitioner. From said order of the probate court plaintiffs appellants appealed to the circuit court where the order of the probate court was affirmed and from said order of the circuit court, plaintiffs bring this appeal to this court.

Three separate appeals were taken by the parties in interest from the probate court to the circuit court. On motion of counsel for defendant appellee, the three causes were consolidated in the circuit court and, the issues being identical, they were heard on the trial in the circuit court as one case. Separate appeals, however, have been taken to this court, which appeals have been docketed as *Campbell v. Griefen,* 305 Ill. App. 289, Gen. No. 40,940, *Guerin v. Griefen,* 305 Ill. App. 494, Gen. No. 40,941 and 40,942.

It appears from the evidence that Mrs. Harriet A. Mitchell, a widow, called at the office of her attorney sometime in January, 1909, and requested him to prepare for her a last will and testament; that said attorney took the information which Mrs. Mitchell imparted to him and dictated a will to his stenographer; that some days later Mrs. Mitchell returned to said lawyer's office and executed the will in the presence of Mr. Hefferan, Mrs. Anderson and Mr. Francis M. Keough, the latter being now deceased; that the will was then deposited with said attorney, Mr. Hefferan, for safekeeping and was placed by him into a will box which he kept in his vault.

It further appears from the evidence that in June, 1914, the said attorney received a letter from Mrs. Mitchell, dated June 2, 1914, which had been mailed from the Waldorf-Astoria Hotel in New York City, in which

letter the testatrix directed the destruction of the will, as she had made a new one; that according to the testimony of her lawyer, upon receipt of the letter directing the destruction of the will, he took the instrument from his will box and destroyed it by tearing it up and throwing it into the waste paper basket; that under date of June 15, 1914, he wrote a letter to Mrs. Mitchell at her Chicago address, acknowledging receipt of the letter of instructions and advising her that, in accordance with her request, he had destroyed the will; that a few days later the letter was returned to said attorney through the post office department, undelivered and he, accordingly, placed the same in his files.

It further appears from the evidence that on August 1, 1929, Mrs. Mitchell again called at the office of her said attorney and he advised her that he had destroyed the will in accordance with her directions and handed her the letter which he had written to her on June 15, 1914, which had been returned to him undelivered; that on May 11, 1936, Mrs. Harriet A. Mitchell passed away; that no will was found and letters of administration issued as on an intestate estate.

The errors relied upon, and upon which the sole issue is brought before this court, is that it was error for the trial court to find the instrument executed by Harriet A. Mitchell on January 21, 1909, was and is the last will and testament of the said deceased, and that it was error to admit a carbon copy thereof to probate; that it was error for the court to receive in evidence a purported carbon copy of the last will and testament dated January 21, 1909.

Defendant appellee contends that the destruction of the will, under the circumstances disclosed by the evidence, did not amount to its revocation.

It is agreed that the will of January 21, 1909, was a properly executed will and was in existence at the time the testatrix wrote to her attorney telling him to destroy it, which he did by tearing it and throwing it away.

Was this a revocation of the will in a legal sense?
The Wills Act, Ill. Rev. Stat. 1939, ch. 148, par. 19,
sec. 17 [Jones Ill. Stats. Ann. 110.231], reads as follows:
"19. MANNER OF REVOKING WILL.]    § 17.    No will,
testament or codicil shall be revoked, otherwise than by
burning, canceling, tearing or obliterating the same, by
the testator himself, or in his presence, by his direction
and consent, or by some other will, testament or codicil
in writing, declaring the same, signed by the testator or
testatrix, in the presence of two or more witnesses, and
by them attested in his or her presence; and no words
spoken shall revoke or annul any will, testament or
codicil in writing, executed as aforesaid, in due form
of law."    *Gartin v. Gartin,* 371 Ill. 418.

A mere reading of this statute and a consideration of
the evidence produced in this case shows that there was
not a compliance with the statute and no revocation
was made of the will.  No other will was produced, so
that the will which was physically destroyed, remained
a legal will and the best evidence to prove its contents
would be a carbon copy thereof which was supplied by
the attorney for Harriet A. Mitchell, deceased, and said
attorney testified that it was a carbon copy of said will.
Any fact can be proven by the best evidence obtainable
and we cannot see how it can be contended that a carbon
copy of an instrument, the original of which has been
physically destroyed, would not be the best evidence
obtainable.  No evidence refuting this allegation ap-
pears and we do not agree with counsel for plaintiffs
that the trial court committed error when it accepted
this evidence and finding it had sufficient weight to
prove it to be a carbon copy of the original will.

In the recent case of *Board of National Missions of
the Presbyterian Church v. Sherry,* 372, Ill. 272, a will
made in 1929 was found after the maker's death in 1938,
upon which she had numerous pencil marks and nota-
tions.  Amounts of bequests were stricken out, notes
written in the margin indicating that devisees and

legatees had died, and other changes made. The will was found in an envelope upon the end of which the maker had written, ''August 1st 1938 The enclosed will not to be executed Kate Bennett.'' The court quoted section 17 of the Wills Act and directed that the will be admitted to probate. The court at p. 278, said:

''The argument is advanced that the notation on the envelope dated a few days prior to the death of the venerable testatrix is indicative of an intention to revoke the will. Proof is wanting that the writing was placed on the envelope in which the will was contained at the same time the marks and notations were placed on the will itself. Even if the pencil notation on the envelope evinced an intention to revoke the will the notation is nevertheless inoperative as a revocation because it was not executed conformably to section 17 of the statute. An intention to revoke a will, unaccompanied by at least one of the acts prescribed by the statute and executed in compliance therewith, is insufficient.''

Section 17, which we have quoted, the substance of which was re-enacted by the Probate Act of January 1, 1940, when section 17 was repealed and section 46 was adopted in lieu thereof, being set forth in Ill. Rev. Stat. 1939, ch. 3, par. 197, sec. 46 [Jones Ill. Stats. Ann. 110.294], reads as follows:

''197.  § 46.  REVOCATION.)  A will may be revoked only (a) by burning, cancelling, tearing, or obliterating it by the testator himself or by some person in his presence and by his direction and consent, (b) by some other will declaring the revocation, (c) by a later will to the extent that it is inconsistent with the prior will, or (d) by an instrument in writing declaring the revocation and signed and attested in the manner prescribed by this Article for the signing and attestation of a will. Marriage by the testator shall revoke any existing will executed by the testator prior to the date of the marriage.''

In *Walker v. Walker*, 342 Ill. 376, in explaining the purposes and intention of the legislature, the court said at p. 383: "All the authorities declare that the object of the law is to prevent fraud and imposition upon the testator or the substitution of a surreptitious will, and to effect that object it is necessary that the testator shall be able to see and know that the witnesses have affixed their names to the paper which he has signed and acknowledged as his will."

It is contended that the act of the lawyer in destroying the will, in pursuance of a letter, was "in the presence of" Mrs. Mitchell. We think the facts in this case clearly establish that the will was not revoked and that the court did right in admitting the carbon copy thereof to probate.

For the reasons herein given the judgment and order of the probate court and the circuit court are hereby affirmed.

*Judgment and order affirmed.*

HEBEL and BURKE, JJ., concur.