CARROLL, Judge.
This appeal is from an order of the county judge’s court in Dade County which granted a petition to re-establsh a copy of a will, and admitted it to probate. The original of the will was destroyed in Birmingham, Alabama, by a person acting at the direction of the testator who was then in Miami, Florida.
*862 The determinative question is whether destruction of the will, not in the presence of the testator, revoked it. We hold that it did not. The Florida Probate Law, § 731.14(1), F.S.A., provides:
“A will may be revoked by the testator himself or by some other person in his presence and by his direction, by burning, tearing, canceling, defacing, •obliterating or destroying the same, with the intent and for the purpose of revocation.”
Under the provisions of the statute, the burning of the will which took place at the direction of the testator but not in his presence did not revoke it, and the order of the county judge in recognizing and reestablishing a copy thereof and admitting it to probate was eminently correct.
Appellant contends we should hold revocation occurred because the statute was substantially complied with. That •contention is without merit. Substantial ■compliance is not sufficient. The directions of the statute must be followed and its conditions met. As stated in 57 Am.Jur., Wills § 493, p. 343:
“ * * * But where a statute prescribes the method and acts by which ■a will may be revoked, no acts other than those mentioned in the statute are to operate as a revocation, no matter how clearly appears the purpose of the testator to revoke his will and his belief that such purpose has been accomplished.”
A further contention of the appellant was that appellees did not rebut the presumption that destruction of the will was by the testator, with intent to revoke, citing e. g. In re Washington’s Estate, Fla.1952, 56 So. 2d 545. The argument lacks merit. There is no room to presume a fact contrary to the admitted fact that it was not the testator who destroyed the will.
Affirmed.