William J. Regan, S.
A petition for administration was
filed with this court on April 19, 1976, wherein it was stated that the deceased died on April 3, 1976 without a will, leaving him surviving three children of full age. Letters of administration were issued to Philip Kraus, his son, on April 19, 1976. An original will executed by the deceased on August 11, 1964, was filed with this court on April 26, 1976, and shortly thereafter, in June of 1976, a conformed copy of a will dated November 7, 1973, was also filed with this court. The petitioner in the administration proceeding proceeded on June 25, 1976 to petition this court for the probate of the copy of the will dated November 7, 1973, it being alleged that the original of the will dated November 7, 1973, was not revoked in compliance with EPTL 3-4.1.
Upon a hearing duly had in this proceeding, it appears that on December 10, 1975, the decedent, by a telephone conversation with his then attorney, directed said attorney to destroy the original will of November 7, 1973, which was allegedly in said attorney’s possession. According to a conversation had between decedent and the said attorney, it was the intention of said decedent to have a new will drawn by another attorney. The decedent specifically directed the attorney to destroy the afore-mentioned will immediately at that time by tearing and discarding the same. This was done.
The issue that arises is whether the destruction of a will by the physical act of tearing same pursuant to a telephone conversation with the deceased is a valid revocation. The answer to the question is specifically stated in EPTL 3-4.1 (subd [2]), which specifically provides as follows: "(2) A will may be revoked by: (A) An act of burning, tearing, cutting, cancellation, obliteration, or other mutilation or destruction performed by: (i) The testator, (ii) Another person, in the *494 presence and by the direction of the testator; in which case, the fact that the will was so revoked in the presence and by the direction of the testator shall be proved by at least two witnesses, neither of whom shall be the person who performed the act of revocation.”
There was a complete failure to comply with the formalities required by the above section. The destruction having occurred without the presence of the testator rendered the attempted act of revocation meaningless and invalid.
Under the circumstances, it is the decision of this court that the copy of the will of the above-named deceased dated November 7, 1973, having been proved as to content and execution, be admitted to probate and established as and for the will of the testator valid to pass real and personal property thereof.
It is the further decision of this court that letters of administration heretofore issued to Philip Kraus on April 19, 1976, be and the same hereby are revoked.