IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE


IN RE ESTATE OF JOSEPH OWEN BOOTE, JR.

Chancery Court for Marshall County
No. 12099

No. M2002-02234-COA-R3-CV - Filed December 20, 2005

WILLIAM C. KOCH, JR., P.J., M.S., delivered the opinion of the court, in which PATRICIA J. COTTRELL and FRANK G. CLEMENT, JR., JJ., joined.


OPINION ON PETITION FOR REHEARING


On October 21, 2005, this court issued an opinion vacating the trial court's December 14, 2001 order admitting Joseph Owen Boote, Jr.'s will and first two codicils to probate in solemn form. *In re Estate of Boote*, No. M2002-02234-COA-R3-CV, 2005 WL 2739287, at *21 (Tenn. Ct. App. Oct. 21, 2005). We instructed the trial court on remand to determine first whether the third codicil to Mr. Boote's will was properly executed, and then, if the trial court determined that it was, to conduct further proceedings preliminary to a will contest. *In re Estate of Boote*, 2005 WL 2739287, at *21. On October 31, 2005, Mr. Boote's daughters, Helen Boote Shivers and Linda Boote Gerritsen, filed a timely petition for rehearing, and on November 3, 2005, we entered an order requesting supplemental briefing on one of the issues raised in the petition. Ms. Shivers and Ms. Gerritsen, as well as Martha M. Boote, Mr. Boote's widow, have now filed their supplemental briefs. Having carefully considered the petition for rehearing and the supplemental briefs, we deny the petition for rehearing.


I.
EFFECT OF THE LETTERS TESTAMENTARY

Ms. Shivers and Ms. Gerritsen present four arguments in support of their petition. First, they assert that we erred by concluding that the trial court's December 14, 2001 order was the order that admitted Mr. Boote's will and first two codicils to probate in solemn form. According to Ms. Shivers and Ms. Gerritsen, the clerk and master of the chancery court admitted the will and first two codicils to probate in solemn form on November 15, 2001 when it issued letters testamentary to Ms. Boote, and the court's December 14, 2001 order which purported to admit the will and first two

codicils to probate in solemn form merely "reaffirm[ed]" the clerk and master's earlier order.[1] This argument places substantially more weight on the letters testamentary than they can bear.

An executor or executrix serves as a court-appointed receiver to collect and preserve the decedent's assets during the pendency of the probate proceedings, to pay the claims of creditors, and to recommend to the court an appropriate final distribution of the decedent's estate. *In re Estate of Barnhill*, 62 S.W.3d 139, 144 (Tenn. 2001); *In re Estate of Barnwell*, No. 01A01-9711-PB-00656, 1998 WL 755011, at *1, 4-5 (Tenn. Ct. App. Oct. 30, 1998) (No Tenn. R. App. P. 11 application filed); 1 JACK W. ROBINSON, SR. & JEFF MOBLEY, PRITCHARD ON THE LAW OF WILLS AND ADMINISTRATION OF ESTATES §§ 36, at 58-61, 63, at 105-06, 64, at 108-09 (5th ed. 1994 & Supp. 2004) ("PRITCHARD"). The letters testamentary evidence the executor or executrix's appointment by the court. 1 PRITCHARD § 37, at 61. The executor or executrix presents copies of the letters to banks, creditors, insurance companies, and others to demonstrate his or her legal authority to enter into binding transactions relating to the decedent's property. 2 PRITCHARD § 602, at 113-14. Thus, the appointment of an executor or executrix through the issuance of letters testamentary is a mere equitable remedy that is ancillary to the underlying probate proceedings.

At the conclusion of the November 15, 2001 hearing, the trial court directed the clerk and master of the chancery court to issue letters testamentary to Ms. Boote with the proviso that they would be subject to a later order from the court itself. The clerk and master complied with the court's direction and issued letters testamentary to Ms. Boote on November 15, 2001. The court did not direct the clerk and master to enter an order admitting the will and first two codicils to probate in solemn form, and the letters testamentary issued by the clerk and master did not purport to do so. While a clerk and master of the chancery court has express statutory authority to grant letters testamentary, to appoint executors and executrices, and even to admit wills to probate in common form, he or she has no similar authority to admit a will to probate in solemn form. Tenn. Code Ann. § 16-16-201(b) (Supp. 2005). Thus, the trial court's own December 14, 2001 "Order Admitting Will to Probate" decreeing that the will and first two codicils "be admitted to probate in solemn form" is the only order of probate in solemn form involved in this case.

Ms. Shivers and Ms. Gerritsen also argue that "the appointment of an executrix to administer an estate necessarily implies that the will has been admitted to probate."[2] This argument overlooks the possibility that the trial court erred by prematurely authorizing the issuance of letters testamentary to Ms. Boote. Letters testamentary cannot be issued until the will on which they are based has been admitted to probate. 1 PRITCHARD § 36, at 58-59. Thus, the trial court should not have authorized the clerk and master of the chancery court to issue letters testamentary to Ms. Boote even on a provisional basis until after the court had entered an order admitting the will and first two codicils to probate in solemn form. Premature issuance of letters testamentary cannot serve to conjure up out of thin air a prior order admitting a will to probate in solemn form when no such order exists.

---

[1] Reh'g Br. of Appellees Helen Boote Shivers and Linda Boote, at 13.

[2] Reh'g Br. of Appellees Helen Boote Shivers and Linda Boote, at 11.

The December 14, 2001 order admitted the will and first two codicils to probate in solemn form. The trial court did not direct the clerk and master to enter an order of probate in solemn form on November 15, 2001, and the clerk and master had no independent authority to enter such an order. Accordingly, we disagree with Ms. Shivers and Ms. Gerritsen's assertion that the clerk and master of the chancery court admitted the will and first two codicils to probate in solemn form by issuing letters testamentary to Ms. Boote on November 15, 2001.

## II.
### FILING OF THE DECLARATORY JUDGMENT PETITION AND THE THIRD CODICIL AS THE FUNCTIONAL EQUIVALENT OF A NOTICE OF CONTEST

Ms. Shivers and Ms. Gerritsen's second argument is that this court erred by concluding that the filing of the declaratory judgment petition with a copy of the third codicil attached was the functional equivalent of a notice of contest depriving the trial court of authority to enter its December 14, 2001 order of probate in solemn form.[3] This argument rests on three flawed premises: (1) that a petition for declaratory judgment cannot be used to initiate a will contest; (2) that we erred in relying on the Tennessee Supreme Court's decision in *In re Will of Ambrister*, 205 Tenn. 737, 330 S.W.2d 330 (1959); and (3) that we applied the wrong standard of review in deciding whether the trial court erred when it entered the December 14, 2001 order of probate in solemn form.

Ms. Shivers and Ms. Gerritsen have cited no authority for the proposition that a petition for declaratory judgment cannot be used to draw a trial court's attention to the existence of a later will or codicil, thereby triggering a will contest. This proposition does not comport with the Tennessee Supreme Court's pronouncements that the institution of a will contest "does not require formalities," *Jenkins v. Jenkins*, 168 Tenn. 292, 297, 77 S.W.2d 805, 806 (1935), and that "a person desiring to contest a will need do no more than make that fact known," *In re Estate of King*, 760 S.W.2d 208, 210 (Tenn. 1988). Moreover, in *In re Will of Ambrister*, the Tennessee Supreme Court adopted the "general rule that the bringing in of a later will which either expressly or impliedly appears to revoke an earlier will constitutes a contest." *In re Will of Ambrister*, 205 Tenn. at 746, 330 S.W.2d at 334; *see also Murrell v. Rich*, 131 Tenn. 378, 399-400, 175 S.W. 420, 426 (1914). Under these and other precedents, the Tennessee Supreme Court has made it clear that the procedural vehicle chosen for bringing a later will or codicil to the trial court's attention is largely irrelevant in deciding whether a will contest has been initiated.

Ms. Shivers and Ms. Gerritsen contend that this case does not fit within the rule of *In re Will of Ambrister*. In that case, a later will expressly and completely revoked an earlier will; while in this case, the third codicil does not challenge the validity of the will and first two codicils but instead merely seeks to "amend" or "modify" them. These are distinctions without a difference. The decision in *In re Will of Ambrister* states plainly that a will can be revoked by a later instrument "either expressly *or impliedly*," *In re Will of Ambrister*, 205 Tenn. at 746, 330 S.W.2d at 334

---

[3]Our conclusion that Ms. Boote's petition for declaratory judgment was the functional equivalent of a notice of contest does not provide a basis for arguing that the filing of the petition triggered the "No Contest Clause" in the first codicil. Ms. Boote was not attempting to undermine Mr. Boote's will or the first codicil when she filed the petition. Rather, she was endeavoring to make sure that all of Mr. Boote's testamentary documents were before the court.

(emphasis added), and that the rule being adopted applies with equal force to both wills and codicils, *In re Will of Ambrister*, 205 Tenn. at 745, 330 S.W.2d at 334 ("The grounds of contest are not, it has been held, limited to issues going to the execution of the probated will, but the complainant may set up as a ground of contest a later will *or codicil*.") (emphasis added).

Ms. Shivers and Ms. Gerritsen's assertion that the third codicil would not operate as a partial revocation of the will and first two codicils if it were admitted to probate along with them understates the impact of the third codicil on the distribution of Mr. Boote's estate. An implied revocation exists whenever a later will or codicil provides for a distribution of the decedent's estate that directly contradicts the scheme of distribution contained in an earlier instrument. *Third Nat'l Bank v. Scribner*, 175 Tenn. 14, 31, 130 S.W.2d 126, 133 (1939); *Seilaz v. Seilaz*, 24 Tenn. App. 611, 614-15, 148 S.W.2d 23, 26 (1940). Under the will and first two codicils, Ms. Boote would receive a $600,000 marital trust from the estate, and Ms. Shivers and Ms. Gerritsen would take equal shares of a residuary estate worth well over $30 million before the payment of estate taxes and expenses. By contrast, under the third codicil, Ms. Boote would receive not only the $600,000 marital trust, but also a one-third share of the residuary estate, thereby reducing Ms. Shivers and Ms. Gerritsen's shares from one-half to one-third. A later instrument that reduces the shares of two beneficiaries by $5 million each and increases a third beneficiary's share by $10 million does not merely "amend" or "modify" the earlier instruments. It operates as an implied partial revocation of the earlier instruments that fits well within the rule of *In re Will of Ambrister*.

Ms. Shivers and Ms. Gerritsen's third premise is that we applied an incorrect standard of review in deciding whether Ms. Boote's declaratory judgment petition was the functional equivalent of a notice of contest. They assert that we should have applied the "abuse of discretion" standard of review because the case involves the denial of a petition for declaratory judgment. This claim misperceives the basic framework of our decision. We did not conclude that the trial court committed reversible error by refusing to grant Ms. Boote's declaratory judgment petition, in which case application of the abuse of discretion standard of review would have been appropriate. Instead, we concluded that the trial court committed reversible error in pressing ahead with the in solemn form probate proceeding once it had been made aware, through the filing of the declaratory judgment petition, that there was a third codicil that appeared on its face to operate as a partial revocation of the will and first two codicils. The fact that the trial court learned of the third codicil through the filing of a petition for declaratory judgment rather than through some other procedural vehicle is incidental to the analysis and has no bearing on the correct standard of review.[4]

### III.
### THE NOVEMBER 15, 2001 HEARING AS A WILL CONTEST

Ms. Shivers and Ms. Gerritsen's third argument involves the idea that the November 15, 2001 hearing was itself a will contest. Thus, at least according to Ms. Shivers and Ms. Gerritsen,

---

[4] As explained in our original opinion, deciding whether the course of proceedings in the trial court amounted to the initiation of a will contest is a question of law which this court reviews de novo. *In re Estate of Boote*, 2005 WL 2739287, at *11 (citing *In re Will of Ambrister*, 205 Tenn. at 743-46, 330 S.W.2d at 333-35; *Jenkins v. Jenkins*, 168 Tenn. at 297, 77 S.W.2d at 806).

-4-

there had already been one will contest by the time Ms. Boote filed her declaratory judgment petition on December 7, 2001, and Ms. Boote could not initiate a second will contest without alleging fraud or perhaps newly discovered evidence. They claim that because Ms. Boote never alleged fraud in the trial court, and because the third codicil does not satisfy the requirements for newly discovered evidence, the trial court properly refused to entertain her attempt to initiate a second will contest.

The defect in this argument is its first premise. A hearing in a proceeding to probate a will in solemn form is not a will contest. To be sure, there are similarities in the procedures and conclusiveness of will contests and proceedings to probate a will in solemn form. In addition, both this court and the Tennessee Supreme Court have frequently analogized the two types of proceedings in prior decisions, several of which have been cited by Ms. Shivers and Ms. Gerritsen in support of their argument. *Petty v. Call*, 599 S.W.2d 791, 793 (Tenn. 1980); *Bearman v. Camatsos*, 215 Tenn. 231, 385 S.W.2d 91, 94 (1964); *Lillard v. Tolliver*, 154 Tenn. 304, 285 S.W. 576, 579 (1926); *Green v. Higdon*, 891 S.W.2d 220, 222 (Tenn. Ct. App. 1994). In each of the cited cases, the court highlighted the similarities or dissimilarities between the two types of proceedings on its way to making a larger point regarding the legal questions at issue in that particular case. None of these cases stands for the proposition that an in solemn form probate proceeding that has not yet been concluded bars the initiation of a will contest. To the contrary, the authorities are clear that if a will contest is to be maintained at all, it must be initiated prior to the entry of the order of probate in solemn form. *See, e.g.*, *Murrell v. Rich*, 131 Tenn. at 397-99, 175 S.W. at 425-26.

## IV.
### DENIAL OF MS. BOOTE'S PETITION FOR POST-JUDGMENT RELIEF

Ms. Shivers and Ms. Gerritsen's fourth argument is that the trial court properly denied the portion of Ms. Boote's motion for post-judgment relief that requested a new trial because Ms. Boote did not satisfy the requirements of Tenn. R. Civ. P. 59. In our original opinion, we said that once we concluded that the trial court committed reversible error by entering the December 14, 2001 order in the first place, we saw no need to address whether the trial court also erred later by applying an incorrect standard to evaluate Ms. Boote's motion for post-judgment relief based on its conclusion that probate in solemn form "trumps" the Tennessee Rules of Civil Procedure. Having declined to decide this question in our original opinion, we see no reason to address it fully in response to Ms. Shivers and Ms. Gerritsen's petition for rehearing.[5] Accordingly, we need not address Ms. Shivers

---

[5]Were we to take up this question, we would conclude that the trial court committed reversible error at this point as well. The trial court concluded that probate in solemn form "trumps" the Tennessee Rules of Civil Procedure and that the usual standards applicable to post-judgment motions do not apply to orders of probate in solemn form based on the Tennessee Supreme Court's decisions in *Roland v. Weakley*, 208 Tenn. 444, 346 S.W.2d 578 (1961), and *Jennings v. Bridgeford*, 218 Tenn. 287, 403 S.W.2d 289 (1966). These decisions predate the court's adoption of the Tennessee Rules of Civil Procedure in 1970. The rules provide that "[s]ubject to exceptions as are stated in particular rules, the Rules of Civil Procedure *shall govern* procedure in the circuit or chancery courts in *all* civil actions." Tenn. R. Civ. P. 1 (emphasis added). There are no "exceptions" stated in any particular rule for in solemn form probate proceedings as such, and Rule 66 affirmatively states that the rules apply to all actions in which the appointment of a receiver is sought. Tenn. R. Civ. P. 66; *see also* Judicial Conference Advisory Committee on Federal Rules of Civil Procedure, Preliminary Draft of Proposed Style Revision of the Federal Rules of Civil Procedure, Rule 66, at 171 (February 2005). The

(continued...)

and Ms. Gerritsen's derivative arguments regarding the propriety of the trial court's denial of one part of Ms. Boote's motion for post-judgment relief, i.e., the part of the motion based on Tenn. R. Civ. P. 59.

## V.
### SCOPE OF PROCEEDINGS ON REMAND

Finally, Ms. Shivers and Ms. Gerritsen express concern that our October 21, 2005 opinion unduly restricts the scope of the proceedings on remand. They ask us to broaden the scope of the remand in two respects: (1) to allow them to investigate more fully how and when Ms. Boote and her attorney, Walter M. Bussart, discovered the circumstances surrounding the destruction of the original of the third codicil by Mr. Boote's attorney, Thomas A. "Drew" Davidson; and (2) to provide them with an opportunity to contest all three codicils.

The remand order in our October 21, 2005 opinion dealt only with the issues raised in the case and nothing more. Its purpose was to put the parties in precisely the same position they would have been in had the trial court properly held that the filing of the declaratory judgment petition and third codicil was the functional equivalent of a notice of contest to the will and first two codicils. While the opinion expressly authorizes Ms. Boote to proceed with a contest if she chooses to do so, nothing in the opinion prevents Ms. Shivers and Ms. Gerritsen from also contesting the will and all three codicils if that is their desire. In the context of these proceedings, all the parties are free to use all the tools at their disposal to discover any non-privileged matter involved in the pending proceedings, subject of course to the trial court's supervision.

## VI.

Ms. Shivers and Ms. Gerritsen's petition for rehearing is denied. We tax the costs related to this petition to Helen Boote Shivers and Linda Boote Gerritsen and their surety for which execution, if necessary, may issue.

WILLIAM C. KOCH, JR., P.J., M.S.

---

[5](...continued)

Tennessee Supreme Court has held that executors and administrators involved in probate proceedings fall within the purview of Rule 66. *In re Estate of Barnhill*, 62 S.W.3d at 144; *see also In re Estate of Barnwell*, 1998 WL 755011, at *4-5. Thus, the portions of *Roland v. Weakley* and *Jennings v. Bridgeford* on which the trial court relied have been abrogated by the Tennessee Supreme Court. A motion for post-judgment relief from an order of probate in solemn form must be evaluated under the usual standards of Tenn. R. Civ. P. 59 and 60, and the trial court erred in failing to do so in its evaluation of Ms. Boote's motion for post-judgment relief.