Totten, J.,
delivered the opinion of the court.
The plaintiff brings this bill to recover a distributive portion of the estate of his father, James Roberts, deceased. He alleges that his father died intestate; but that the defendents, pretending that he had left a will, have proceeded to administer and distribute the estate, consisting of land, slaves, and personal assets, in conformity to the provisions of the supposed will; that *163 is, amongst themselves, to the total exclusion of the plaintiff’s rights. The answer of the executors and children of said James Eoberts, set up a will, in relation to which the following facts appear: The script purporting to be James Eoberts’ will, is dated August 14th, 1835. The testator' died, and at the October Term, 1840, of the county court of Jackson, the will was produced, and proved in common form, by the attesting witnesses.
At January Term, 1846, of said court, Geo. E. Hol-liman, a grand-son, and one of the next of kin, in right of his mother, of said deceased, appeared in said court, and by petition, asked to be permitted to contest said will; thereon it was ordered that the probate of common form “ be set aside,” and that the said script and matter of contest in relation thereto, be taken and certified to the circuit court to be tried on an issue devi-smit vel non. The parties appeared in the circuit court, where an issue was made up, and continued until March Term, 1847, when the contestant had leave to withdraw his plea, and said ■ that he would no further contest the said script offered for probate, as the will of said James Eoberts, deceased. Whereon, the court ordered that the will, and said proceeding in relation thereto, be remanded and certified to the county court, to be there “proceeded in as in cases of uncontested wills.” The county court, at September Term, 1850, ordered and adjudged that the order made at January Term, 1846, setting aside the probate of common form, be annulled, and for' nothing held; that said probate be reinstated, and be and remain in full force and effect.
*164 Tbe will expressly excludes the plaintiff from any interest' in the estate of the deceased, and the estate was administered in conformity to the directions, devises and bequests, contained in the will.
The Chancellor decreed a dismissal of the bill, and the plaintiff appealed to this court.
Upon this state of facts, it is argued for the plaintiff, that he is entitled to an interest as of an intestate estate, because there is no probate of the supposed will; that the probate made in 1840 was set aside in 1846; that there was no probate in the circuit court; nor again, in the county court, when remanded there to be proceeded in as in cases of uncontested wills.
It is true, that unless there be a subsisting and valid probate of the will, under which the defendants claim their title does not appear; and that is the only question to be considered in the present case.
Now, a script is equally well established as a will, whether the probate be in common form or solemn form. It may be proved in solemn form in the first instance; but where there has been a probate in common form, in that case, the probate in solemn form is no more than a re-examination and confirmation of the former probate. And so, if upon a trial of the issue d&oiswvit ml non, in solemn form, it be found against the script, it results in a revocation of the former probate of the common form, and the same is thereby, in effect, set aside and annulled. "We take this to be the nature and legal effect of the proceeding, considered at common law, as modified and changed by our statutes.
Now, the probate in common form establishes the will for every purpose, except that it is not conclusive *165 as to tbe persons interested in the estate, in case there were an intestacy.
The probate in solemn form is merely cumulative in its nature; is conclusive as to every person interested in the estate, and precludes any future contest as to the validity of the will. There can be no other difference in the legal effect; and this is owing to a difference in the manner of proceeding in the two cases. Eor, the probate in common form, being ese parte in its nature, without notice to persons interested in the estate, it must follow that they are not concluded by it; but may contest the will, if they have cause to do so.
The nature of this proceeding is stated in Cornwell vs. Cornwell, 11 Humph., 485, where it is said to be a suit instituted by petition, asking the court to set aside the probate of common form and to transfer the will to the circuit court to be proved in solemn form, on the issue devisamt ml non.
Now, if the petition make a proper case, the usual order is, that the former probate be recalled, or, as in the present case, set aside; and that the script be sent to the circuit court, where the issue is to be made up and tried.
The order, in terms, is, “ that the probate be set aside.” But has the county court any power to set aside and annul its order and judgment made at a former term? "We cannot see that it has; and if it had, there can be no reason for its exercise. Eor it cannot make the second probate of a will, upon an issue dmisamit ml non. That must be sent to the circuit court to be tried by a jury. If they pronounce against the will upon a trial in solemn form, the effect is to annul and revoke the former probate; but, if otherwise, the effect is merely to affirm *166 it. Whether the former probate shall be annulled and revoked or not, depends upon the result of the second probate; and that is not to be bad in the same, but in a different forum. Our system in this respect, is different from that of England, where both of the forms of probate are in the same court, and according to the course of the civil law. The legal- effect of the order to set aside the former probate, was merely to suspend it, as to any action or rights that might be dependent upon it, until after the trial of the issue sent to the circuit court, or until some final action in the premises in that court.
In the present case the issue was abandoned, and the will not being contested, was properly remanded to the county court. The effect of the circuit court order was, to revive in full force the former probate, which was no longer contested. The order of the county court made thereon, stating the former probate to be and remain in full force, only stated the legal effect that must necessarily result from the proceeding which then appeared to have taken place. It was proper to notice on its records, that the proceeding which had been instituted, was abandoned ; that the will was not contested, and that the probate in that court remained in full force and effect. It would have been a mere idle ceremony to repeat the same probate in the same form; if indeed it might then be possible to do so in every case where, from lapse of time and other causes, it might not be in the power of the executor to produce witnesses who can prove the will.
The chancellor’s decree dismissing the bill, will be .affirmed.
Decree affirmed.