**In re ESTATE OF Allen POWERS, Sr., Deceased.**

**Petition of Allen M. POWERS, Jr.**

Court of Appeals of Tennessee, Middle Section, at Nashville.

Nov. 30, 1988.

Permission to Appeal Denied by Supreme Court March 27, 1989.

Mark H. Collier, Dickson, for petitioner-appellant.

Irwin Venick, Nashville, for executor and heirs-appellees.

OPINION

TODD, Presiding Judge.

The petitioner, Allen M. Powers, Jr., has appealed from a judgment of the Probate Court of Dickson County denying his petition to set aside the probate of the will of Allen M. Powers, Sr., deceased.

On May 15, 1987, G. Madison Powers filed in the Probate Court of Dickson County a "Petition to Admit Last Will and Testament to Probate", presenting a will purporting to be that of Allen Powers, Sr., deceased, dated July 9, 1985.

On May 20, 1987, the Probate Judge signed an order admitting said will to probate. The order in this record bears no evidence of filing by the Probate Court or entry upon the minutes of the Probate Court.

The record contains no evidence that process was ever prayed for or served upon any interested party.

At common law, a testament may be proved in two ways, either in common form or in solemn form. A will is proved in common form when the executor presents it before the judge, and, in the absence of and without citing parties interested, produces witnesses to prove the same, who, testifying by their oaths that the testament exhibited is the true, whole and last will and testament of the deceased, the judge thereupon, and sometimes with less proof, doth annex his probate and seal thereto. *Burrow v. Ragland,* 25 Tenn. (6 Humph.) 481 (1846).

Wills are usually probated in common form. *Lassiter v. Travis,* 98 Tenn. 330, 39 S.W. 226 (1897).

It must be presumed that the above mentioned probate was in common form.

■ The probate of a will in common form, unappealed from, and not revoked or vacated, is conclusive until it is finally set aside by the final decision in favor of the contestants in a contest successfully prosecuted by them upon the issue of devisavit vel non. A probate in common form can be set aside only for fraud or upon the issue of devisavit vel non. *State of Tennessee v. Lancaster,* 119 Tenn. 638, 105 S.W. 858, 14 L.R.A.N.S. 991, 14 Ann.Cas. 953 (1907), and authorities cited therein.

■ The probate in common form, being ex parte in nature, without notice to persons interested in the estate, it must follow that they are not concluded by it, but may contest the will. *Roberts v. Stewart,* 32 Tenn. (2 Swan) 162 (1852).

On November 17, 1987, there was filed with the Probate Clerk a "Petition to Set Aside Probate". The petitioner was named as Allen M. Powers, Jr., and the petition was "addressed to" the following:

G. Madison Powers, Executor

Evelyn W. Powers, Widow

Gary Madison Powers, Son

(G. Madison Powers and Gary Madison Powers being one and the same person.)

The petition alleges that petitioner is an heir at law of deceased and that the will probated by G. Madison Powers is not the will of Allen M. Powers, Sr. The petition prays:

1. For process.

2. For a finding that "petitioner is entitled to have the original probate recalled".

That upon any certification by the Probate Court to the Circuit Court for Dickson County, Tennessee, upon any issue of devisavit vel non, that petitioner be unlimited in the making up of these issues, and in his contest of same, those issues which will consist of, among others, incapacity of testator, undue influence, and revocation by desiring to rewrite or add codicil, and being precluded therefrom.

That later, if there is further proper need, and for the reasons herein set forth, as well as for others, which are all both sound and valid, that petitioner be permitted to contest said Will; and that the fact of contest, together with said original paper-writing, be certified to the Circuit Court of Dickson County, to the end that an issue be there made to try its validity.

The petition was accompanied by a "Bond by Contestant Pursuant to Section 32–4–101 T.C.A."

On December 28, 1987, the respondents, G. Madison Powers and Evelyn Powers, filed their answer admitting that petitioner is the natural son of the deceased and asserting the validity of the will.

A brief filed in the Probate Court by said respondents states:

For the reasons set forth above, this Court, if it determines that the Petition of Allen M. Powers, Jr. to Set Aside Probate pleads a prima facia cause of action to test the validity of the Last Will and Testament of Allen M. Powers, Sr., it should certify the same to the Circuit Court where this matter shall be heard on the issue of devisavit vel non before a jury.

At the conclusion of the hearing, the Probate Judge stated orally:

This particular issue rests in the exclusive jurisdiction of the circuit court. Your petition to set aside the probate is

denied and the matter should be certified to the circuit court.

On January 11, 1988, the Trial Judge entered the following order:

This cause came on to be heard on the 30th day of December, 1987, before the Honorable A. Andrew Jackson, Judge of the Juvenile and Probate Court for Dickson County, Tennessee, upon the petition to set aside the probate of the will of Allen M. Powers, Sr. Based upon the pleadings, testimony of witness, statements of counsel, and the record as a whole, the Court finds that the petition contests the validity of the will and that this Court is without jurisdiction to act on this matter pursuant to T.C.A. § 16–10–103. Subsequent to the hearing, petitioner filed a "Request For Findings By The Court", and the Court finds that since it is without jurisdiction to act there can be no finding of fact.

IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED that the petition of Allen M. Powers, Jr. to set aside the probate in this matter, be and the same is hereby denied.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that the "Request For Findings By the Court", filed on behalf of Allen M. Powers, Jr., be and the same is hereby denied.

There is no indication in this record that the oral direction of the Probate Judge to certify a contest was ever formalized by a written order.

The notice of appeal states:

This appeal is being made pursuant to Section 27–4–102 T.C.A. which states, in pertinent part, as follows:

"the appeal lies direct to the Court of Appeals or Supreme Court, as the case may be."

Since the jurisdiction of the Probate Court, to probate per se, is exclusive, it is believed the Supreme Court has jurisdiction.

The record was received by the Supreme Court Clerk on April 28, 1988.

The briefs of appellant and appellees, filed on May 20, 1988, and June 22, 1988,

respectively, were addressed to the Supreme Court. However, on September 14, 1988, the Supreme Court entered the following order:

Pursuant to the provisions of T.C.A. § 16–4–108, it appears that jurisdiction of this appeal lies in the Court of Appeals, rather than the Supreme Court, and the cause is accordingly transferred to that court for disposition.

The brief of appellees requests that this appeal be dismissed for lack of jurisdiction.

T.C.A. §§ 27–4–101, 102 provide:

27–4–101. Appeal to circuit court.— Any party dissatisfied with the sentence, judgment, or decree of the county court, may pray an appeal to the circuit court of the county, unless it is otherwise expressly provided.

27–4–102. Appeal to appellate court. —In all cases in which the jurisdiction of the county court is concurrent with the circuit or chancery courts, or in which both parties consent, the appeal lies direct to the Court of Appeals or Supreme Court, as the case may be.

T.C.A. § 16–16–201 transferred jurisdiction of probate matters from County Court to Chancery Court, "unless otherwise provided by public, private, special or local acts."

By Chapter 267, § 2, Private Acts of 1982, the exclusive jurisdiction of probate matters in Dickson County was vested in the Probate Court of that county.

■ It appears that the proper jurisdiction of this appeal is in the Circuit Court of Dickson County. If the above quoted action of the Supreme Court were not in this record, this appeal would be dismissed for lack of jurisdiction. However, the order of the Supreme Court impels this Court to consider and dispose of the appeal as though it did have jurisdiction.

The "Petition to Set Aside Probate" filed by the appellant on November 17, 1987, requested alternative relief: (1) Vacating the probate in common form, or (2) Certification of a Contest to the Circuit Court. On October 24, 1988, the Supreme Court released its opinion for publication in the

case of *In re Estate of Sam D. King, Deceased,* 760 S.W.2d 208, (Tenn.1988) in which the Court said:

> ... There is no formal announcement required to establish oneself as a contestant to the validity of any last will or testament. Notice may be given but it is not required. A person desiring to contest a will need do no more than make that fact known. When his interest is made known and his right to contest has been established, under the provisions of T.C.A. § 32–4–101 the court having probate jurisdiction must certify the fact of the contest to the circuit court which has original and exclusive jurisdiction of the issue of devisavit vel non.

The Probate Judge recognized this in his oral pronouncement, but his written order disposed of only the first alternative relief and did not deal with the requested contest. It may be said, therefore, that the order from which this appeal is prosecuted is not a final, appealable, order and that it is "subject to revision at any time before entry of a final judgment adjudicating all the claims, rights, and liabilities of the parties." T.R.A.P. Rule 3(a).

If this be correct, then the appeal should be dismissed as premature and remanded to the Probate Court with directions to certify a contest to the Circuit Court.

If it be said that the intent and effect of the order of the Probate Judge was to deny a certificate of contest, then this portion of his judgment is reversed and, on remand, the Probate Judge is directed to certify the contest, for the admitted facts entitle the petitioner to a certificate of contest. If the material facts as to petitioner's standing to contest were disputed, the situation would be otherwise, but there is no dispute as to petitioner's standing in this case.

In any event, to the extent that this Court has jurisdiction to determine the issues, it is determined that there is no evidence of fraud in the procurement of the probate and that the refusal of the Probate Court to revoke the probate was correct and is affirmed; to the extent that the Probate Court refused to certify a contest to the Circuit Court, his action is reversed; to the extent that the Probate Judge merely overlooked certification his judgment is not final or appealable; in either of the latter alternatives, the cause is remanded to the Probate Court for further appropriate action.

The foregoing renders unnecessary any seriatim discussion of the 32 pages of "issues for review" in appellant's brief.

In its discretion, this Court taxes all appellate costs against the appellant.

The cause is remanded to the Probate Court for further proceedings consistent with this opinion.

Affirmed in part, reversed in part, remanded.

LEWIS and CANTRELL, JJ., concur.