LEDBETTER *et al. v.* LEDBETTER.

(*Nashville*, December Term, 1948.)

Opinion filed January 17, 1949.

JAMES B. CROWELL, of Shelbyville, and MAXWELL A. HINES, of Murfreesboro, for appellants.

EDWIN T. NANCE and BEN KINGREE, JR., both of Shelbyville, for appellee.

MR. CHIEF JUSTICE NEIL delivered the opinion of the Court.

The plaintiffs in error, who will be later referred to as the complainants, filed their original bill in the Chancery Court seeking to set aside certain deeds to parcels of land situated in Bedford County, said deeds having been duly executed by Mrs. Laura T. Ledbetter to her son John T. Ledbetter. The bill alleges that complainant, Henry Ledbetter, and defendant, John T. Ledbet-

ter, are full brothers and sons of Mrs. Laura Ledbetter, the grantor in the said deeds, while the other complainants are half-brothers of Henry and John T. The grounds upon which complainants seek to have the deeds set aside and for nothing held are "fraud and deceit and undue influence and inadequate consideration"; that the said John T. Ledbetter "procured from the grantor the said deeds while she was mentally incapable of acting for herself by reason of strong medicines which she was required to take", etc.

The defendant filed a plea in abatement to the bill, alleging that his mother executed a will in which he was made the sole beneficiary of her estate. The plea concludes with the following averment:

"Your defendant, therefore, avers that in the event the relief sought by the original bill should be granted by decree of this Honorable Court, then in such event the said complainants, or any of them, could have no interest whatsoever in said real estate, and, therefore, have no such right as would entitle them to maintain this suit against him."

That part of the will which is pertinent to the only question before us, and which was made an exhibit to the plea, is found in "Item 5" and reads as follows:

"I have heretofore on April 8th, 1941, conveyed to my son, John T. Ledbetter, two (2) small parcels of real estate, and I have likewise heretofore on April 18th., 1941, conveyed to my said son, John T. Ledbetter, a remainder interest, subject to my life estate, in and to eight (8) parcels of real estate, described in said deed of conveyance, and, at my death, said life estate having fallen in, the said John T. Ledbetter, shall become the owner of said real estate in fee simple.

"These deeds of conveyance were executed by me in consideration of the kindness and services heretofor rendered by my said son, John T. Ledbetter, and in consideration of the services to be rendered to me during my lifetime. I therefore have no real estate to devise by this will.

"All the rest of the remainder of my property of every kind and character, real, personal and mixed, I will, devise and bequeath to my said son, John T. Ledbetter, to own absolutely."

The complainants "joined issue with the defendant on the plea in its entirety." The Chancellor sustained the plea and dismissed the complainants' bill. An appeal was prayed and granted to this Court and the only question made is that Mrs. Laura T. Ledbetter died intestate as to the lands described in the deeds and that complainants are entitled to have the conveyances declared void and of no effect. They undertake to question the due execution of the will, but this appears to be collateral to the principal issue in the cause. It seems clear from the will that the testator thought she had parted with title to the real estate involved in this controversy, and having conveyed it to her son she made no specific devise of it.

██ ██ The complainants advance the argument that since it was not disposed of by any specific devise that it passed to them to the extent of their interest in it, as intestate property, and that defendant could not claim it under the residuary clause. In construing the will of Mrs. Ledbetter we look to the whole will to determine her intention, as well as the situation of the parties and attendant circumstances surrounding them. We are not left in doubt as to the intention of the testatrix, that is

that she intended her son, John T., to have the whole of her estate. The law presumes that one who undertakes to make a will does not intend to die intestate; "and the courts will place such a construction upon the instrument as to embrace all the testator's property, if the words used, by any fair interpretation or allowable implication will embrace it." Sizers Pritchard on Wills, Sec. 386.

■ A general residuary bequest or devise carries not only property such as the testator did not attempt to dispose of by will but such as was not effectually disposed of. *Reeves* v. *Reeves*, 73 Tenn. 644-654.

■■ Under a broad general devise "of property of every kind," all property of the testator would pass even though the testator had no knowledge of the ownership of it. *Ingram's Estate*, 315 Pa. 293, 172 A. 662, 93 A. L. R. 510; *Verchot's Estate*, 4 Wash. (2d) 574, 104 P. (2d) 490. A base or determinable fee being devised will pass under a residuary clause. *In re Link's Estate*, 182 Misc. 966, 47 N. Y. S. (2d) 40; *Ricks* v. *Merchants National Bank*, 191 Miss. 323, 2 So. (2d) 344.

While we have no case in this State dealing with the precise question presented on this appeal, we find it discussed in Rood on Wills, 2d Ed., Sec. 81, as follows:

"Right of Property Without Possession. While there was no doubt that the heir could recover land from one who had ousted the ancester, it was once thought in England that the same feudal considerations which forbade a sale by the ancestor of his right to sue, made his devise void. The question was put to rest there by a statute authorizing such devises; and in this country there has seldom been any doubt that the devise by the disseisee passed good title to the devisee both against

the heirs and the disseisor, for the feudal objections never applied under our law.''

The author cites the following cases in support of the text: 1 Vic., 1837, C. 26 sec. 3; *Patty* v. *Goolsby*, 1888, 51 Ark. 61, 9 S. W. 846; *Whittemore* v. *Bean*, 1832, 6 N. H. 47; *Jackson* v. *Varick*, 1827, 7 Cow., N. Y., 238, 2 Wend. 294; *Humes* v. *McFarlane*, 1818, 4 Serg. & R., Pa., 427, 435; *Watts* v. *Cole*, 1830, 2 Leigh, Va., 653, 664. Contra: *Poor* v. *Robinson*, 1813, 10 Mass. 131.

■ Where the owner of property has been ''ousted'' or dispossessed of property by any unlawful means, such as ''fraud and undue influence'', he has the undoubted right to recover possession in a court of law or equity. We think under the foregoing authority such a right is inheritable and devisable, and the property to be recovered would pass under the residuary clause of the will.

■ We find no merit in the complainants' contention that Mrs. Ledbetter, having conveyed all property now in dispute, there was nothing upon which the will could operate. The basis of complainants' suit as we have seen is that the deeds to John T. Ledbetter were fraudulent and hence void. If this be true then the fee simple title to the property remained in the testatrix and was subject to devise; it passed under the residuary clause of the will. On the contrary if the conveyances were *bona fide* a good and valid title passed thereunder, and it is immaterial whether John T. Ledbetter has the title in fee by virtue of the deeds or as residuary devisee under the will. Under either hypothesis the complainants' suit must fail.

■ We cannot give consideration to the assignment of error in which complainants question the due execution of the will for the reason that the will, having been

probated as the law provides, is not subject to collateral attack. The decree of the Chancellor is affirmed.

All concur.