## IN THE COURT OF APPEALS OF TENNESSEE,
## AT JACKSON

_____

|  |  |  |
|---|---|---|
| **DON E. GORDON and PHIL T. GORDON, CO-ADMINISTRATORS WITH WILL ANNEXED OF THE ESTATE OF JAMES W. MARCUM, DECEASED and DON E. GORDON and PHIL T. GORDON, EXECUTORS OF THE ESTATE OF NELL WRIGHT MARCUM, DECEASED,** | ) ) ) ) ) ) ) ) ) ) ) | Weakley County Chancery Court No. 14869 |
| Plaintiffs/Appellees. | ) ) | |
| VS. | ) ) | C.A. No. 02A01-9709-CH-00218 |
| **GEORGETOWN UNIVERSITY**, | ) ) ) | |
| Defendant/Appellant. | ) ) | |

**FILED**

**May 15, 1998**

**Cecil Crowson, Jr.**
**Appellate Court Clerk**

_____

From the Chancery Court of Weakley County at Dresden.
**Honorable William Michael Maloan, Chancellor**


**Lee M. Greer**, GREER & GREER, Paris, Tennessee
Attorney for Defendant/Appellant.


**H. Max Speight**, Dresden, Tennessee
Attorney for Plaintiffs/Appellees.


OPINION FILED:

**REVERSED AND REMANDED**


**FARMER, J.**

**HIGHERS, J.**: (Concurs)
**LILLARD, J.**: (Concurs)

This is a will construction case.  The testator, James W. Marcum, died June 22, 1995, a resident of Weakley County.  His will, executed on July 16, 1984, was admitted to probate upon his death.  This appeal stems from a complaint[1] filed by the appellees, Don E. Gordon and Phil T. Gordon, co-administrators with will annexed of the estate of James Marcum, in the chancery court seeking a declaratory judgment as to the proper interpretation of the will and the proper disposition of the decedent's estate.  Specifically, the appellees sought a determination as to whether the appellant, Georgetown University (Georgetown), is a beneficiary under the will's residuary clause or whether, as they believe, the decedent died partially intestate and that consequently his mother, Nell Wright Marcum, his only heir at law at the time of his death, is the true beneficiary.[2]  After a hearing, the trial court entered an order finding that the bequest to Georgetown was contingent upon Ms. Marcum predeceasing her son and, since she did not, the gift lapsed.  Georgetown has appealed from this decision.  For the reasons expressed below, we reverse.

The will of the deceased disposes of his property as follows:

> THIRD: All real property wherever situated, which I may own at the time of my death; together with the buildings and structures thereon and all rights and easements appurtenant thereto, I give and devise to my mother, NELL WRIGHT MARCUM, if she survives me.  In the event my mother does not survive me, I hereby make the following direct bequests, all to be made in loving memory of my late mother, NELL WRIGHT MARCUM:

---

[1]The appellees' suit was brought pursuant to the provisions of T.C.A. § 29-14-105, which states as here pertinent:

> **Fiduciary powers and duties.** -- Any person interested as or through an executor, administrator, trustee, guardian, or other fiduciary, creditor, devisee, legatee, heir, next of kin, or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic, or insolvent may have a declaration of rights or legal relations in respect thereto:
>
> . . . .
>
> (3) To determine any question arising in the administration of the estate or trust, including questions of construction of wills and other writings.

[2]The record establishes that Ms. Marcum died subsequently.  In answering the appellee's complaint, Georgetown asserted the affirmative defense that all necessary parties were not before the court inasmuch as Ms. Marcum's estate was still under administration.  It was asserted that Ms. Marcum and Georgetown were the only potential beneficiaries under the will.  Therefore, Georgetown sought to join the co-executors of that estate, Don Gordon and Phil Gordon.  A consent order was entered to include the co-executors as additional parties.  It was further ordered that the original complaint be treated as having been joined in by them.

* $10,000 to the Clearview School for Retarded Children, Scarbrough, New York;

* $10,000 to the National Council for the Retarded, Washington, D.C.;

* $10,000 to St. Mary's Church, Scarbrough, New York;

* $10,000 to the Sharon Methodist Church, Sharon, Tennessee.

* After the above direct bequests, and after paying all my estate's expenses, I give, devise and bequeath all the rest, residue and remainder of my property and estate to Georgetown University, . . . to be held in Trust by the aforesaid University for the Edmund A. Walsh School of Foreign Service. It is my intention that a specific Trust be established in my name benefitting said school, my alma mater. . . .

. . . . This Trust bequest is made on the specific condition that said Georgetown University guarantees that beginning ninety (90) days after my death, or as soon thereafter as legally possible, and each ninety (90) days thereafter, that said Trust shall pay $3,750 from its annual income to my father, JAMES O. MARCUM, of Shiloh Road, Corinth, Mississippi. On the death of my father, the aforesaid payment to him or his estate shall immediately terminate. . . . In the event the aforesaid School of Foreign Service is unwilling to accept the bequest or unable or unwilling to make the aforesaid quarterly payments of $3,750 each, then I give, devise and bequeath my entire residual estate to WILBUR ELLIS/CONNELL BROS. COMPANY PROFIT SHARING PLAN, . . . San Francisco, California.

The parties entered into the following stipulations:

The Decedent was a single man who had no issue. The Decedent's father, James O. Marcum predeceased the Decedent. The Decedent's mother, Nell Wright Marcum, survived the Decedent, but has since died. Nell Wright Marcum was the Decedent's sole intestate heir.

The Decedent was a resident of New York at the time of the execution of his Will. The Decedent's Will was prepared by Donal M. Walsh, Jr., . . . . Mr. Walsh was personally acquainted with the Decedent before the preparation of the Will. Mr. Walsh interviewed the Decedent and corresponded with the Director of Planned giving at Georgetown University concerning the Decedent before the Will was prepared. The Decedent was an alumnus of Georgetown's School of Foreign Service.

The bequests in the Decedent's Will to Clearview School for Retarded Children, National Council for the Retarded, St. Mary's Church and Sharon Methodist Church were all contingent on the Decedent's mother predeceasing Decedent. The Decedent's mother survived the Decedent, and, therefore, these bequests failed. . . .

The provision in Trust for Georgetown University also

provided a lifetime income interest in 50% of the Trust for the Decedent's father James O. Marcum. Since James O. Marcum predeceased the Decedent, the interest of James O. Marcum lapsed .
. . .

The Decedent's gross estate for Federal Estate tax purposes as originally filed was $797,941.71. Of this amount, those assets passing to Nell were: real estate devised to Nell valued at $475,000; a jointly owned bank account and a jointly owned mutual fund which went to Nell by right of survivorship valued at $50,302.12; and an IRA which went to Nell as death payee valued at $100,404.89. Based upon gross estate valuations, the assets passing to Nell by virtue of the Decedent's death totaled $625,707.01. Based upon gross estate valuations, the remainder of the estate, which is the portion in dispute in this cause, totaled $172,234.80, less allowable expenses, taxes and deductions that may be properly chargeable to such funds.

After consideration of the foregoing stipulations, the deposition of Mr. Walsh, the briefs and arguments of counsel, the trial court held as follows:

The issue is whether the residuary gift to Georgetown is conditional on Nell Marcum predeceasing the testator. If the gift is conditional, the testator would die intestate as to his residuary estate.

. . . .

The Court finds the Last Will and Testament of James W. Marcum is sufficiently clear and unambiguous. The residuary gift to Georgetown University would only take effect "in the event my mother does not survive me." As Nell Wright Marcum survived her son, the gift to Georgetown University fails. The residuary clause clearly states: "After the above direct bequests, and after paying all my estate expenses, I give, devise and bequeath all the rest, residue and remainder of my property and estate to Georgetown University . . . ." The direct bequests are only to take effect if his mother predeceased him and are made "in loving memory of my late mother." Any other construction could be in violation of the clear language of the will.

Therefore, it is the judgment of the Court that the bequest to the defendant, Georgetown University, was contingent on Nell Wright Marcum predeceasing her son, James W. Marcum, and since Nell Wright Marcum survived her son, the gift lapsed.

The sole issue on appeal as stated by the appellant is whether "the trial court err[ed] in holding that the decedent intended the residuary bequest to Georgetown to take effect only if the decedent's mother (Nell) predeceased the decedent, resulting in a partial intestacy." Georgetown argues that a reading of the will as a whole clearly evidences the decedent's intent that Georgetown receive his entire residuary estate, in all events. It is contended that any other reading would render

a partial intestacy as to the residuary estate, a result highly disfavored under Tennessee law. Georgetown contends that the decedent's mother only received all of his real property. It is asserted that the bequest to Georgetown was not simply another charitable bequest but a clear expression of how the testator intended to dispose of the remainder of his estate once the direct bequests (either to his mother or the other four charities) were made. Georgetown points to the fact that under the appellees' interpretation of the will the decedent intended to make no provision for his father in the event his mother survived him. Georgetown argues that certainly the decedent would have wanted to provide for his father, which was done under the residuary clause, even if his mother predeceased him. Georgetown points to the fact that the bequest to it has no language conditioning it on the decedent's mother's prior death. Georgetown questions that if the decedent intended his mother to receive his entire estate if she survived him, then why not merely state such and why the specific mention of real estate to her. It is further asserted that since the will was professionally drawn, it obviously has a residuary clause operating in favor of Georgetown. If the residuary clause has no effect, then the will's drafting would almost certainly constitute malpractice. Finally, Georgetown contends that the interpretation suggested by the appellees is strained and hinges solely upon the phrase "after the above direct bequests" which is merely superfluous and heavily outweighed by the presumption against intestacy and the surrounding circumstances.

Conversely, the appellees assert that, since the decedent's mother survived him, the residuary clause containing the bequest to Georgetown does not come into play because it is begun with the words "after the above direct bequests," which were to be made only if the decedent's mother predeceased him. Appellees contend that the bequest to Georgetown was a conditional bequest not unlike the four conditional bequests immediately preceding it under the terms of the will and that since the decedent's mother did not predecease him, the bequest to Georgetown fails as do the other four charitable bequests. Appellees assert that consequently the decedent died partially intestate and that his mother, as his sole intestate heir, was entitled to his personal property as well. The appellees assert that James Marcum intended his mother to be his sole beneficiary unless she predeceased him. They note that if the decedent died partially intestate, his mother was still his exclusive heir under the intestate laws.

Our review of the trial court's decision is *de novo* with no presumption of correctness.

*Burchfiel v. First United Methodist Church*, 933 S.W.2d 481, 483 (Tenn. App. 1996); Rule 13(d) T.R.A.P. The cardinal rule in the construction of wills is to ascertain the intent of the testator. *Goodwin v. Nave*, 912 S.W.2d 719, 721 (Tenn. App. 1995). In doing so it is necessary to look to the entire will and determine the testator's intention from what he has written and not from what it is supposed he intended. *Presley v. Hanks*, 782 S.W.2d 482, 488 (Tenn. App. 1989). Every word used by the testator is presumed to have some meaning. *Daugherty v. Daugherty*, 784 S.W.2d 650, 653 (Tenn. 1990). Parol evidence is generally inadmissible to add to, vary or contradict language used in the will, although it is admissible to explain a latent ambiguity. *Stickley v. Carmichael*, 850 S.W.2d 127, 132 (Tenn. 1992). "[E]xtrinsic evidence of the condition, situation and surroundings of the testator himself may be considered only as aids in the interpretation of the language used by the testator, . . . ." *In re Walker*, 849 S.W.2d 766, 768 (Tenn. 1993)(quoting *Nichols v. Todd*, 101 S.W.2d 486, 490 (Tenn. App. 1936)).

Appellant correctly cites the general rule in this state disfavoring intestacy where one has undertaken to make a will. As held by our state supreme court in *Ledbetter v. Ledbetter*, 216 S.W.2d 718, 720 (Tenn. 1949), "[t]he law presumes that one who undertakes to make a will does not intend to die intestate; 'and the courts will place such a construction upon the instrument as to embrace all the testator's property, if the words used, by any fair interpretation or allowable implication will embrace it.' " *Ledbetter*, 216 S.W.2d at 720 (quoting *Pritchard on Wills*, § 386). We hold that the decedent's will may be fairly construed so as to avoid a partial intestacy and therefore conclude that the testator intended the bequest to Georgetown to be unconditional and not dependant upon whether his mother predeceased him.

We reach this determination based upon the following: we first note, as the appellant points out, that the four direct bequests comprised of $10,000 each are all separated by semi-colons with exception of the last which ends with a period. The next bequest, which is to Georgetown, is not preceded by a semi-colon and addresses the residuary of the testator's estate. *Black's Law Dictionary* defines a residuary clause as that "[c]lause in will by which that part of property is disposed of which remains after satisfying bequests and devises. Any part of the will which disposes of property not expressly disposed of by other provisions of the will." Included within the residuary clause is the provision pertaining to the testator's father, indicating a clear intent that his father be

taken care of from the funds designated to Georgetown. If the will is to be construed as suggested by the appellees, then the testator died partially intestate with his entire estate going to his mother and absolutely no provision for his father. Mr. Walsh, the drafter of the will, stated in his deposition that the decedent "was far more concerned about providing for his father than he was for his mother with the exception of making sure his mother had the house."

Mr. Walsh also testified that the testator maintained a joint checking account with his mother and that his mother was the beneficiary of certain life insurance he held through his employer. It was Mr. Walsh's understanding that, when he and the decedent discussed the latter's estate, the testator's real estate was comprised of his home on Albany Post Road where his mother also resided. He further stated that the value of the home, less the mortgage, was "probably" $40,000.

Based upon the foregoing, we conclude that the testator intended his mother to receive all his real property if she did not predecease him and if she did, the four direct bequests, totalling $40,000, were to be made in her memory. In addition, the testator intended Georgetown as a beneficiary under his will in all events. Any other interpretation would render the residuary clause inoperative. We do not believe the testator intended the residuary clause of his will to take effect only on the condition that his mother survived him. Moreover, we do not believe the testator intended that provision be made for his father only in the event that his mother predeceased him. We further find merit in the appellant's argument that, if the testator intended his mother to acquire his entire estate if she survived him, then the testator could have simply stated so. Instead, the testator chose to distinguish between his real property and personalty which we find significant.

It results that the judgment of the trial court is reversed and this cause remanded thereto for further proceedings. Costs are assessed against the appellees, for which execution may issue if necessary.

_____

FARMER, J.

_____
HIGHERS, J. (Concurs)


_____
LILLARD, J. (Concurs)