IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
February 23, 2021 Session

## IN RE ESTATE OF WINSTON VERLON CLARK, SR.

**Appeal from the Chancery Court for Hamilton County**
**Nos. 16P310, 18-0771, 18-0631          Jeffrey M. Atherton, Chancellor**

————————————————————

**No. E2020-00912-COA-R3-CV**

————————————————————

This appeal arose from an order of the Hamilton County Chancery Court ("trial court") determining that the decedent's purported will did not meet the statutory requirements for proper execution of a last will and testament and that the decedent's estate would therefore be probated as an intestate administration. The decedent's surviving spouse had first attempted to probate the will via common form probate,[1] alleging that the purported will met the statutory requirements for a holographic will. However, upon the decedent's son's motion to contest the proffered will in common form, the trial court determined that the purported will did not meet the statutory requirements of a holographic will pursuant to Tennessee Code Annotated § 32-1-105. The trial court further instructed that the decedent's estate would proceed as an intestate estate. After the estate was administered

---

[1] This Court has previously characterized probate in common form as follows:

> Probate in common form is an extremely informal procedure. *McClure v. Wade,* 34 Tenn. App. 154, 173, 235 S.W.2d 835, 843 (1950); 1 PRITCHARD § 331, at 511-12. There is no requirement that interested parties be given notice of the proceedings, Tenn. Code Ann. § 30-1-117(b); *Reaves v. Hager,* 101 Tenn. 712, 720, 50 S.W. 760, 762 (1899); *In re Estate of Powers,* 767 S.W.2d 659, 660 (Tenn. Ct. App. 1988); 1 PRITCHARD § 331, at 511, and a judicial hearing is not required to have the will admitted to probate, Tenn. Code Ann. § 16-16-201(b); 3 PAGE ON WILLS § 26.110, at 292.

> The clerk and master of the chancery court is statutorily authorized to probate wills in common form. Tenn. Code Ann. § 16-16-201(b). Thus, in many cases, the will can be admitted to probate in common form on the same day that the petition is filed. The clerk and master of the chancery court simply reviews the petition for completeness, collects the required fees, and enters an order admitting the will to probate in common form. After taking a bond and administering the appropriate oath or affirmation, the clerk and master issues letters testamentary to the person nominated by the testator or testatrix to serve as the executrix or executor for the estate. Tenn. Code Ann. §§ 30-1-111 (2001), 30-1-201(a)(2) (2001); 1 PRITCHARD § 36, at 58-59; 2 PRITCHARD §§ 595, at 108-09, 596, at 109-10, 601, at 113.

*In re Estate of Boote*, 198 S.W.3d 699, 711-12 (Tenn. Ct. App. 2005).

as an intestate estate for several months, the decedent's wife filed a second petition to probate the purported will via solemn form probate as an attested will,[2] contending that the proffered will met the statutory requirements of Tennessee Code Annotated § 32-1-104. Upon the decedent's son's notice and motion for a will contest concerning the petition in solemn form, the trial court determined, *inter alia*, that such action was not time barred. Following a bench trial, the trial court entered a final judgment, concluding that the purported will did not meet the statutory requirements of Tennessee Code Annotated 32-1-104 and, as such, the decedent's estate would be administered as an intestate estate. The decedent's surviving spouse timely appealed. Determining that the trial court erred in proceeding with the solemn form probate proceedings because it did not halt the proceedings upon the decedent's son's filing of a second will contest to determine the decedent's son's standing in the subsequent action, we vacate the judgment of the trial court and remand for further proceedings consistent with this opinion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Vacated; Case Remanded**

THOMAS R. FRIERSON, II, J., delivered the opinion of the court, in which ANDY D. BENNETT and JOHN W. MCCLARTY, JJ., joined.

Phillip C. Lawrence, Chattanooga, Tennessee, for the appellant, Charlotte Clark, as personal representative of the Estate of Winston Verlon Clark, Sr.

Phillip E. Fleenor and Chanse J. Hayes, Chattanooga, Tennessee, for the appellee, Winston Verlon Clark, Jr.

**OPINION**

I. Factual and Procedural Background

The decedent, Winston Verlon Clark, Sr. ("Decedent"), died on April 27, 2016. On May 10, 2016, Charlotte Clark, Decedent's surviving spouse, filed a petition for testate administration in common form ("first petition") and attached a handwritten instrument dated March 30, 2015, which Ms. Clark sought to probate as Decedent's last will and testament ("the Instrument").

---

[2] As this Court has noted, "[p]robate in solemn form is a much more formal affair" than probate in common form, including notice to all interested parties, a judicial hearing, and entry of "an order accepting or rejecting the will for probate in solemn form." *See In re Estate of Boote*, 198 S.W.3d at 712 (internal citations omitted).

The body of the Instrument states as follows:

> I Winston Clark am in my sound mind and leave my wife Charlotte Clark house land truck 2002 Ford d[i]esil 250 boat motor trailer and every thing in garage and all of the land and also a 2005 Ford Focus and also two guitars and all money in bank at my death. Also give my son $1.00 Dollar.

Located beneath the body of the text appears to be Decedent's signature, followed by the phrase, "Witness[ed] by," and two additional signatures. It is uncontroverted that the signatures bear the names of Diane Edgeman and Erma Hall. Ms. Edgeman's signature is first, followed by Ms. Hall's signature, which is several lines below Ms. Edgeman's signature. Directly beneath Ms. Hall's signature is a notary stamp bearing Ms. Hall's insignia and the expiration date of her commission as a notary public.

Upon a request in Ms. Clark's first petition to be named the personal representative of Decedent's estate, the trial court granted "Letters of Administration with Will Annexed" appointing Ms. Clark as the personal representative ("Personal Representative") on May 10, 2016. Affixed to Personal Representative's first petition was a self-titled, "Affidavit of Witnesses for Holographic Will," which contained the names and signatures of Bobbie Dockery and Diane Edgeman. However, the "Affidavit" was only partially completed, with certain pertinent information left blank. Also on May 10, 2016, the Office of the Clerk and Master, Probate Division ("Clerk and Master"), issued a Master's Order stating that the Instrument was "the true and entire last will of Decedent . . . ." The Master's Order thus admitted the Instrument for probate via common form.

On May 20, 2016, Decedent's son, Winston Verlon Clark, Jr. ("Contestant"), filed a document entitled, "Notice of Will Contest & Motion for Certificate of Will Contest" ("first notice and motion"), wherein Contestant alleged, *inter alia*, that the Instrument was not a valid holographic will in part because Decedent was not of sound mind and was unduly influenced by Personal Representative at the time the Instrument was executed. In the first notice and motion, Contestant also declined to have the case tried before a jury, electing instead to have the matter submitted for a bench trial.

The trial court entered an agreed order on June 30, 2016, finding, *inter alia*, that Contestant had demonstrated sufficient grounds to contest the Instrument as a holographic will and that Contestant's first notice and motion was timely filed. The trial court also ordered that a trial regarding the validity of the will would be conducted without a jury. On August 10, 2016, Contestant filed a "Verified Claim Against Estate" wherein he listed property allegedly used in a partnership between Contestant and Decedent, purportedly valued at $46,240.92. Contestant attached to the filing a handwritten document itemizing the claimed partnership property.

Personal Representative filed an amended petition for testate administration on April 20, 2017, averring that Ms. Hall, who was a bank official, had drafted the Instrument on behalf of Decedent and that Decedent signed the Instrument in the presence of Ms. Edgeman and Ms. Hall. Contestant subsequently filed an objection and motion to strike the amended petition.

Following a hearing on the merits, the trial court entered an order on June 12, 2017, concluding that the Instrument did not meet the statutory requirements for a holographic will.[3] The court determined that based on Personal Representative's interrogatory responses, Decedent could not read or write and, as such, he could not have written the material provisions of the Instrument himself as required by Tennessee Code Annotated § 32-1-105. The court directed that Decedent's estate "proceed as an intestate administration probate case." In addition, the order provided that Personal Representative "may file a Motion in the probate matter to convert the case to a testate matter." By subsequent order, the trial court declared the June 12, 2017 order a final judgment.[4] In accordance with the trial court's order, probate of Decedent's estate then proceeded as an intestate estate.

On June 26, 2017, Personal Representative filed an inventory of Decedent's estate along with photographs depicting many of the items referenced in the inventory. The inventory included real property located at 9612 Birchwood Pike, Harrison, Tennessee; two vehicles; one boat; and "Various Items of Personal Property," for which the value was unknown. On the following day, Personal Representative filed an affidavit of notice to the Bureau of TennCare ("TennCare") and an affidavit of notice to heirs. Within the notice to heirs, Personal Representative stated, *inter alia*, that she was "the duly appointed and serving personal representative(s) of this intestate estate." On July 13, 2017, a release from TennCare was filed, providing that TennCare did "not find long term TennCare benefits paid by the State of Tennessee on behalf of [Decedent]." On November 7, 2017, the trial court substituted attorney Phillip C. Lawrence as counsel for Personal Representative via an agreed order.

On December 18, 2017, Personal Representative filed an "Exception to Claim" ("Exception") in reference to Contestant's previously filed claim against the estate. In the Exception, Personal Representative contended that Contestant's claim was "an improper means by which to claim the existence of a partnership and to claim a share of personalty," and that it therefore "should be treated by the Court as a nullity." On January 10, 2018, the Clerk and Master issued a notice stating that it would receive proof on Contestant's claim against the estate during a hearing to be conducted on February 14, 2018. At the

---

[3] The trial court's June 12, 2017 order appears in the record as an exhibit to a subsequent pleading.

[4] The order designating the June 12, 2017 order as a final judgment does not appear in the appellate record. However, subsequent written orders of the trial court indicate that such order was entered.

- 4 -

conclusion of the hearing, the Clerk and Master stated that she would issue a report instructing how to proceed with the matter.

Also on February 14, 2018, Personal Representative filed a "Motion to Determine Validity of the Will of [Decedent] and to Proceed with the Testate Administration of the Estate," attaching a copy of the Instrument. Personal Representative stated within her motion that although the trial court had previously entered a judgment determining that the Instrument did not meet the statutory requirements for a holographic will, the judgment further provided that Personal Representative could file a motion to convert the case to a testate administration. She thereby asserted that the Instrument satisfied the statutory requirements for the execution of wills, and that the Instrument's failure to qualify as a holographic will was "not fatal to its validity as the last will and testament" of Decedent.

Personal Representative subsequently filed a "Petition for Probate of Will in Solemn Form and for Granting Letters Testamentary" ("second petition") on February 19, 2018, averring that the previous ruling of the trial court "did not preclude a finding that the [Instrument] was otherwise validly executed." The Clerk and Master subsequently issued a publication notice, as well as a notice of probate in solemn form.

On February 21, 2018, Contestant filed an objection and response to Personal Representative's motion to determine the validity of the will, asserting that the Instrument did not satisfy the statutory requirements for a validly executed will. Contestant contended that the doctrine of judicial estoppel should apply to prevent Personal Representative from claiming that the Instrument was an attested will when she initially claimed that the Instrument was a holographic will. Proof of publication of the probate in solemn form was filed on April 12, 2018.

Upon a motion to withdraw as counsel by Contestant's attorney, the trial court entered an order granting the motion on June 8, 2018. On August 10, 2018, the Clerk and Master filed a "Report" concerning Contestant's claim against the estate that detailed the procedural history of the matter. The "Report" provided: "[T]here is not sufficient information contained in the claim itself that, on its face, allows the Clerk & Master to find that the claim is valid. Accordingly, the claim filed for partnership property is invalid and [Contestant] is not entitled to a judgment on this claim." Personal Representative subsequently filed a motion to confirm the Clerk and Master's Report. On August 27, 2018, attorney Phillip E. Fleenor filed a notice of appearance as counsel for Contestant.

On September 17, 2018, Contestant filed a "Notice of Will Contest & Motion for Certificate of Will Contest" ("second notice and motion") in response to the second petition. Contestant argued within his second notice and motion that the Instrument did not establish a legally enforceable last will and testament due to Personal Representative's alleged "undue influence and [Decedent's] lack of testamentary intent and lack of sound mind."

Personal Representative subsequently filed a response to the will contest along with a memorandum of law, asserting that the doctrines of *res judicata*, claim preclusion, and collateral estoppel barred the issues raised by Contestant in his second notice and motion, particularly the issues related to testamentary intent, capacity, and alleged undue influence. Personal Representative specifically argued that Contestant's second notice and motion was barred by the two-year statute of limitations provided in Tennessee Code Annotated § 32-4-108. Contestant subsequently filed a response, positing that none of the above-mentioned doctrines nor the statute of limitations precluded or barred his second notice and motion.

On October 18, 2018, the trial court entered an order modifying in part and confirming in part the Clerk and Master's August 10, 2018 Report. The modifications therein were procedural in nature and not particularly relevant to the issues on appeal. The trial court ultimately concluded in its order that the "Master's Report applied the correct legal standard and properly found that the claim of [Contestant] is facially invalid." "This conclusion," the trial court noted, "does not preclude any issues with respect to the alleged partnership property in other lawsuits."

The trial court entered an order certifying the will contest in solemn form on November 9, 2018. The trial court concluded in the order that "the combined effect of the order filed on June [12], 2017 and the [second petition], renewed the opportunity to file a Notice of Will Contest and Motion for Certificate of Will Contest . . . and the Notice and Motion were filed within the Statute of Limitations for such an action." The court further concluded that the issues raised in Contestant's second notice and motion were not barred by the doctrines of *res judicata* or collateral estoppel. The trial court accordingly granted Contestant's second notice and motion, denying Personal Representative's objections thereto. Notably, the trial court made no determination as to Contestant's standing to contest the Instrument with regard to the proceeding in solemn form.

On November 13, 2018, Personal Representative filed a motion requesting permission to file a Tennessee Rule of Appellate Procedure 9 interlocutory appeal. The trial court granted Personal Representative's Rule 9 motion on December 12, 2018. However, this Court, in an order entered on March 25, 2019, denied interlocutory review.

The trial court conducted a bench trial on February 20, 2020. At the close of Personal Representative's proof, Contestant moved to dismiss, pursuant to Tennessee Rule of Civil Procedure 41, asserting that Personal Representative had failed to carry her burden to demonstrate that the Instrument was a properly executed and attested will. Following a brief recess, the court orally announced its findings and concluded that the Instrument was not a properly attested will, pursuant to Tennessee Code Annotated § 32-1-104, because the proof was insufficient to demonstrate that the Instrument complied with subsection (1). The trial court memorialized its findings and conclusions by entering a "Final Judgment

Order on Solemn Form Probate" on March 19, 2020. In addition to detailing its factual findings, conclusions, and the procedural history of the case, the court attached a transcript of the bench trial to its order. The court concluded in relevant part:

> Therefore, in consideration of the above, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that:
>
> Contestant's motion to dismiss pursuant to Tenn. R. Civ. P. 41 is GRANTED where the proposed will did not meet the statutory requirements of Tenn. Code Ann. § 32-1-104 to show due execution;
>
> The Estate of Winston Verlon Clark, Sr. shall, therefore, proceed as an intestate estate;
>
> * * *
>
> Pursuant to Tenn. R. Civ. P. 54.02 (1) and upon the express determination that there is no just reason for delay, the Court directs entry of a final judgment in favor of [Contestant] on the issue of failed due execution and that this matter shall proceed as an intestate estate. The action is not terminated as to the remaining claims or rights and liabilities of the parties; and finally
>
> The court costs concerning the solemn form probate . . . and the will contest . . . are taxed against [Personal Representative].

(Paragraph numbering omitted.) Neither the written order nor the attached transcript contained any determination by the trial court as to Contestant's standing with regard to the notice and motion concerning the proceeding in solemn form.

Personal Representative filed a motion to alter or amend the trial court's March 19, 2020 order based on the trial court's use of italicized font in certain language within the order. On June 18, 2020, the trial court granted Personal Representative's motion and concomitantly entered an amended final judgment eliminating the italics at issue. Substantively, the amended final judgment remained the same as the previously entered final judgment.

On June 19, 2020, Contestant filed a motion for a full accounting and inventory of Decedent's estate to be conducted at the expense of Personal Representative. On July 6, 2020, Personal Representative timely filed a notice of appeal. On August 7, 2020, the trial court entered an order granting Contestant's motion, directing Personal Representative to conduct an accounting and inventory of Decedent's estate at her expense.

On December 11, 2018, in a consolidated action, Contestant filed a complaint in the trial court alleging undue influence by Personal Representative and a lack of testamentary intent on the part of Decedent. Contestant also requested an accounting of the estate. Personal Representative filed an answer thereto. The trial court, on March 20, 2020, entered an order dismissing "with prejudice" the claims of undue influence and lack of testamentary intent following the trial court's determination that the Instrument, submitted as a will in solemn form, had not met the statutory requirements of an attested will. Ergo, the trial court concluded that Contestant's claims of undue influence and lack of testamentary intent could not proceed because the Instrument was "not accepted and admitted into probate."

Upon Contestant's motion to alter or amend the trial court's March 20, 2020 order in this consolidated action, the trial court entered an order on May 27, 2020, granting Contestant's motion and subsequently amending its order to, *inter alia*, dismiss Contestant's complaint "without prejudice." Personal Representative, in her notice of appeal, also appealed the trial court's judgment with regard to these claims.

## II. Issues Presented

Personal Representative presents the following issues on appeal, which we have restated slightly as follows:

1.  Whether the trial court erred by concluding that the two-year statute of limitations provided in Tennessee Code Annotated § 32-4-108 did not bar Contestant's second motion to certify a will contest and thereby compounded its error by granting Contestant's motion.

2.  Whether the trial court erred by concluding that the attestation to the instrument was defective because Decedent had failed to signify that the instrument was purportedly his last will and testament.

3.  Whether the doctrines of *res judicata* and claim preclusion apply to bar Contestant's second motion to certify a will contest wherein Contestant asserted lack of testamentary capacity and undue influence as grounds for his motion.

Contestant presents an additional issue on appeal, which we have likewise restated slightly as follows:

4.  Whether Contestant is entitled to reasonable attorney's fees and costs incurred in this appeal pursuant to Tennessee Code Annotated § 27-1-122.

### III. Standard of Review

We review a non-jury case *de novo* upon the record with a presumption of correctness as to the findings of fact unless the preponderance of the evidence is otherwise. *See* Tenn. R. App. P. 13(d); *Bowden v. Ward*, 27 S.W.3d 913, 916 (Tenn. 2000). "In order for the evidence to preponderate against the trial court's findings of fact, the evidence must support another finding of fact with greater convincing effect." *Wood v. Starko*, 197 S.W.3d 255, 257 (Tenn. Ct. App. 2006). We review questions of law *de novo* with no presumption of correctness. *Bowden*, 27 S.W.3d at 916 (citing *Myint v. Allstate Ins. Co.*, 970 S.W.2d 920, 924 (Tenn. 1998)); *see also In re Estate of Haskins*, 224 S.W.3d 675, 678 (Tenn. Ct. App. 2006).

With respect to issues of standing concerning will contests, our Supreme Court has elucidated:

> Whether a contestant has standing to bring a will contest is a threshold question of law separate and apart from the merits of the will contest itself. *See* Tenn. Code Ann. § 32-4-101(a) (2015) ("If the validity of any last will or testament, written or nuncupative, is contested, then the court having probate jurisdiction over that last will or testament must enter an order sustaining or denying the contestant's right to contest the will."); *Crocker v. Balch*, 104 Tenn. 6, 55 S.W. 307, 307 (1900); *see also In re Estate of Boote*, 198 S.W.3d 699, 714 (Tenn. Ct. App. 2005) ("As soon as the probate court is made aware of a contest, it must halt the . . . probate proceedings and determine whether the person seeking to contest the will has standing to pursue a will contest."); *Jolley v. Henderson*, 154 S.W.3d 538, 542-43 (Tenn. Ct. App. 2004)

*In re Estate of Brock*, 536 S.W.3d 409, 413 (Tenn. 2017).

### IV. Statute of Limitations

Personal Representative contends that the filing of Contestant's second notice and motion was time barred by Tennessee Code Annotated § 32-4-108 (2015), which provides:

> All actions or proceedings to set aside the probate of any will, or petitions to certify a will for an issue of devisavit vel non,[5] must be brought within two (2) years from <u>entry of the order admitting the will to probate</u>, or be forever

---

[5] "The issue *devisavit vel non* means 'Did he make a will or not?' It originated in the chancery practice of sending the question to a court of law to try the validity of a paper asserted and denied to be a will." *Green v. Higdon*, 891 S.W.2d 220, 222 (Tenn. Ct. App. 1994) (citing BLACK'S LAW DICTIONARY, 59 (4th ed.).

barred, saving, however, to persons under the age of eighteen (18) years or adjudicated incompetent, at the time the cause of action accrues, the rights conferred by § 28-1-106.

We note that an issue concerning the applicability of the statute of limitations is a question of law, which we review *de novo* with no presumption of correctness. *See Redwing v. Catholic Bishop for Diocese of Memphis*, 363 S.W.3d 436, 456 (Tenn. 2012).

On appeal, Personal Representative essentially contends that the Clerk and Master's order admitting the Instrument to common form probate on May 10, 2016, commenced the running of the two-year statute of limitations, which Personal Representative argues expired on May 10, 2018. Thus, according to Personal Representative, when Contestant filed his second notice and motion on September 17, 2018, in response to Personal Representative's second petition (solemn form), Contestant's second notice and motion was time barred. After careful review, we disagree.

Relative to this issue, the trial court entered an order on November 9, 2018, making the following findings of fact:

> A writing dated March 30, 2015 [], purporting to be the last will and testament of Winston Verlon Clark, Sr., was filed for probate on May 10, 2016, and the Clerk & Master entered the Master's Order on May 10, 2016 [admitting the Instrument to probate as a holographic will].
>
> On May 20, 2016, Will Contestant filed his Notice of Will Contest & Motion for Certificate of Will Contest, and the will contest proceeded as an equity case in Part II of the Hamilton County Chancery Court under case number 16-0629, styled <u>Winston Verlon Clark, Jr. v. Charlotte Clark</u>.
>
> A final judgment was filed in that case on June [12], 2017 declaring that the Will was not a holographic one and granting leave for the filing of a motion to proceed as a testate estate. An order was subsequently filed on June 30, 2017 to tax the costs of the case against the personal representative and to declare that the June [12], 2017 order was a final judgment.
>
> The Court takes judicial notice of its own orders and judgments and the record of case number 16-0629 in the Hamilton County Chancery Court.
>
> A petition was filed by the Personal Representative on February 19, 2018 for the solemn form probate of the Will.
>
> The Will Contestant filed his Notice of Will Contest & Motion for Certificate of Will Contest on September 17, 2018.

(Internal citations to record and paragraph numbering omitted.) The trial court then concluded:

> Having made the findings of fact recited above, the Court concludes as a matter of law that the combined effect of the order filed on June [12], 2017 and the Petition for Solemn Form Probate filed on February 19, 2018, renewed the opportunity to file a Notice of Will Contest and Motion for Certificate of Will Contest [], and the Notice and Motion were filed within the Statute of Limitations for such an action.

We agree with the trial court's determination that Contestant's second notice and motion in response to the second petition (solemn form) was not time barred.

Our *de novo* review of the record demonstrates that following Personal Representative's first petition (common form), the Clerk and Master entered an order admitting the Instrument to probate in common form on May 10, 2016, as a holographic will, and issued "Letters of Administration with Will Annexed." We agree with Personal Representative that, pursuant to Tennessee Code Annotated § 32-4-108, the Clerk and Master's order admitting the Instrument to probate in common form commenced the running of the two-year limitations period. On May 20, 2016, pertaining to the first petition (common form), Contestant timely filed his notice and motion for a will contest ten days into the two-year period. The parties noted as much in their June 30, 2016 agreed order, which stated in relevant part that Contestant's notice and motion was "brought within two (2) years from the entry of the order admitting the Will to probate. . . ."

Ultimately concluding that the Instrument did not satisfy the statutory requirements for a holographic will, the trial court directed in its June 12, 2017 order that Decedent's estate "shall proceed as an intestate administration probate case." The trial court also directed that Personal Representative "may file a Motion in the probate matter to convert the case to a testate matter," ostensibly anticipating that Personal Representative would endeavor to submit the Instrument in solemn form as an attested will. Meanwhile, the administration continued as an intestate estate, as demonstrated by Personal Representative's notice to TennCare and affidavit of notice to heirs, the latter of which stated that she was "duly appointed and serving as personal representative(s) of this intestate estate." (Emphasis added.)

More than seven months later, on February 14, 2018, Personal Representative filed a motion to proceed with testate administration of the estate, alleging that the Instrument was an attested will pursuant to Tennessee Code Annotated § 32-1-104. She subsequently filed a second petition (solemn form) on February 19, 2018, constituting the initiation of a second proceeding to probate the Instrument. On September 17, 2018, Contestant filed his second notice and motion in response to the second petition (solemn form).

- 11 -

Our review of the record indicates that Contestant's September 17, 2018 filing was not relative to the first petition because issues in the first petition were adjudicated by the trial court's June 12, 2017 final order. Rather, contrary to Personal Representative's assertion, Contestant's filing of his second notice and motion was in response to Personal Representative's second petition (solemn form) seeking to admit the Instrument as an attested will. Thus, the commencement of the applicable limitations period for purposes of the second notice and motion did not occur upon the Clerk and Master's May 10, 2016 order admitting the Instrument into common form probate as a holographic will.

Furthermore, as this Court explained in *In re Estate of Boote*:

> Probate in solemn form is a much more formal affair. All interested parties are entitled to receive notice of the proceedings and of their right to participate in them. Tenn. Code Ann. § 30-1-117(b); 1 PRITCHARD §§ 341, at 523-24, 342, at 524-25. There must be a judicial hearing at which the will is formally offered for probate. Tenn. Code Ann. § 16-16-201(b); 1 PRITCHARD § 343, at 525. At the hearing, the proponent of the will must produce all living witnesses who attested its execution for examination. *In re Estate of King,* 760 S.W.2d 208, 210 (Tenn. 1988); 1 PRITCHARD § 345, at 526-27. The court must enter an order accepting or rejecting the will for probate in solemn form, but there is no requirement that the court enter the order on the same day that the in solemn form hearing is held. 1 PRITCHARD § 343, at 525-26; 3 PAGE ON WILLS § 26.110, at 289-90.

> Prior to the entry of an order admitting a will to probate in common form or in solemn form, the will can be challenged directly by means of a will contest. 1 PRITCHARD §§ 358, at 550, 396, at 591. However, because of the procedural and evidentiary distinctions between the two types of probate proceedings, the conclusiveness of an order admitting a will to probate differs depending on whether it was admitted to probate in common form or in solemn form. 1 PRITCHARD § 325, at 503-04. Historically, orders of both types have been immune from attack in all collateral proceedings absent allegations of fraud in the procurement of the order itself. *Ledbetter v. Ledbetter,* 188 Tenn. 44, 49-50, 216 S.W.2d 718, 721 (1949); *Murrell v. Rich,* 131 Tenn. 378, 403, 175 S.W. 420, 427 (1914); *Ex parte Williams,* 69 Tenn. 529, 530-31, 1878 WL 4406, at * 1 (1878); 1 PRITCHARD §§ 45, at 73, 325, at 503-04, 327, at 505, 335, at 515-16, 337, at 517-18. However, even after an order has been entered admitting a will to probate in common form, the will can still be challenged directly in a will contest at any time up to two years following the date of entry of the order. Tenn. Code Ann. § 32-4-108 (2001); *Murrell v. Rich,* 131 Tenn. at 403-04, 175 S.W. at 427; 1 PRITCHARD §§ 338, at 519, 366, at 559; 3 PAGE ON

WILLS §§ 26.113, at 296-97, § 26.114, at 298-99. By contrast, once an order admitting a will to probate in solemn form has been entered, the will cannot be challenged in a later will contest. *Jennings v. Bridgeford,* 218 Tenn. [287,] 292, 403 S.W.2d [289,] 291 [(1966)]; *State v. Lancaster,* 119 Tenn. [638,] 651, 105 S.W. [858,] 861 [(1907)]; 1 PRITCHARD § 325, at 503. Thus, if there is to be a will contest at all in proceedings to probate a will in solemn form, it must be initiated prior to the entry of the final order.

198 S.W.3d at 712-13 (emphasis added) (internal footnotes omitted).

Inasmuch as Contestant's second notice and motion was in relation and response to the second petition (solemn form) and occurred "prior to the entry of the final order" in solemn form, *see id.* at 713, we determine that this filing was timely and not barred by the applicable statute of limitations.

## V. Standing

We next address, *sua sponte*, the issue of standing, which has not been presented by either party as an issue on appeal. As this Court has previously explained with regard to unraised issues:

> While, as a general rule, this court's scope of review is limited to issues raised by the parties in their briefs, *see* Tenn. R. App. P. 13(b), we are directed to "also consider whether the trial and appellate court have jurisdiction over the subject matter, whether or not presented for review." *Id.* We also have general discretion to consider an issue which has not been presented for review. *Id. See State v. Goins,* 705 S.W.2d 648, 650 (Tenn.1986).

*In re Estate of Boye*, No. E2006-01441-COA-R3-CV, 2007 WL 3124424, at *2 (Tenn. Ct. App. Oct. 26, 2007). In addition, our Supreme Court has explained concerning the justiciability issue of standing:

> The province of courts "is to decide, not advise, and to settle rights, not to give abstract opinions." *Norma Faye Pyles Lynch Family Purpose LLC v. Putnam Cnty.,* 301 S.W.3d 196, 203 (Tenn. 2009) (quoting *State v. Wilson*, 70 Tenn. 204, 210 (1879) (internal quotation marks omitted)). To ensure that judicial power remains within these constraints, Tennessee courts utilize justiciability doctrines. *Id.* at 202-03. The justiciability doctrine at issue in this appeal—standing—ensures that a particular litigant has a sufficiently personal stake in litigation to warrant an adjudication. *Am. Civil Liberties Union of Tenn. v. Darnell*, 195 S.W.3d 612, 619 (Tenn. 2006); *Knierim v. Leatherwood*, 542 S.W.2d 806, 808 (Tenn. 1976). Establishing standing does not require a litigant to show a likelihood of success on the

- 13 -

merit[s]" of the underlying claim.  Am. Civil Liberties Union of Tenn., 195 S.W.3d at 620.

*In re Estate of Brock*, 536 S.W.3d at 413.

Furthermore, as this Court explained in *Boye*:

This court's opinion in *Boote* instructs that the initiation of a will contest temporarily divests the probate court of its authority to enter an order admitting a will to probate in solemn form.  *Boote,* 198 S.W.3d at 714.  As noted in *Boote,*

[a]s soon as the probate court is made aware of a contest, <u>it must halt the in solemn form probate proceedings and determine whether the person seeking to contest the will has standing to pursue a will contest</u>.  Standing to pursue a will contest is limited to those who would benefit under the terms of another will or codicil or the laws of intestate succession if the will contest is successful.

2007 WL 3124424, at *4 (emphasis added).

Our review of the record indicates that Contestant filed his second notice and motion in relation and response to Personal Representative's second petition (solemn form) on September 17, 2018.  At this point, the trial court was to "halt the solemn form probate proceedings" and determine whether Contestant "ha[d] standing to pursue a will contest." *Id*. (citing *In re Estate of Boote*, 198 S.W.3d at 714).  The trial court's subsequent "Order Certifying Will Contest," entered on November 9, 2018, listed a number of the court's findings; none of which related to Contestant's standing.  In addition, the trial court's March 19, 2020 "Final Judgment on Solemn Form Probate" does not contain any finding or determination as to Contestant's standing.  The trial court also incorporated the transcript from the February 20, 2020 bench trial to its final judgment; however, it is also devoid of the court's determination on standing.  In sum, the record is silent of any determination by the trial court of the Contestant's standing to initiate the second will contest relative to the Instrument's validity as an attested will.[6]

---

[6] We note that although the trial court made a determination of Contestant's standing in the June 30, 2016 "Agreed Order," this determination was only relative to the earlier proceedings in common form, *i.e.*, whether the Instrument satisfied the statutory requirements of a holographic will, which were fully adjudicated by the court's June 12, 2017 final judgment.  Personal Representative's filing of a second petition (solemn form), asserting that the Instrument was an attested will, constituted a separate proceeding as demonstrated by the final judgment on the common form proceedings and as illustrated by the different trial identification numbers assigned to each matter.

The *Boye* Court further explained:

> If the probate court sustains the contestant's right to pursue a will contest, "it must require the contestant" to comply with T.C.A. § 32-4-101. That statute provides, in part, as follows:
>
> > If the validity of any last will or testament, written or nuncupative, is contested, then the court having probate jurisdiction over such last will or testament must enter an order sustaining or denying the contestant's right to contest the will. If the right to contest the will is sustained, then the court must:
> >
> > (1)    Require the contestant to enter into bond, with surety, in the penal sum of five hundred dollars ($500), payable to the executor mentioned in the will, conditioned for the faithful prosecution of the suit, and in case of failure therein, to pay all costs that may accrue thereon; and
> >
> > (2)    Cause a certificate of the contest and the original will to be filed with the appropriate court for trial.
>
> T.C.A. 32-4-101 (Supp. 2006). Only if the probate court determines that the contestant lacks standing to pursue a will contest can it resume the probate proceedings and enter an order admitting the will to probate in solemn form. *Boote,* 198 S.W.3d at 714. "If the probate court ignores an inchoate will contest and proceeds with the entry of an order admitting the will that was originally offered for probate in solemn form, the court's order is void and must be reversed on appeal." *Id.,* 198 S.W.3d at 714-15. *See Ambrister*, 330 S.W.2d [330,] 335 [(Tenn. 1959)].

2007 WL 3124424, at *4.

A trial court's failure to halt the proceedings and make such a determination constitutes reversible error. *See In re Estate of Boote*, 198 S.W.3d at 718. Inasmuch as the trial court never halted the in solemn form proceedings to make a determination into whether Contestant had standing to pursue a will contest, we have no choice but to vacate the judgment of the trial court. Without conducting the proper inquiry into Contestant's standing, the trial court retained no authority to continue the in solemn form proceedings. *See In re Estate of Boye*, 2007 WL 3124424, at *5. "Only if the trial court determines that the [will contestant] lacks standing to pursue a will contest can it resume the probate proceedings . . . ." *Id*. In concluding that the trial court's judgment should be vacated, we reach no conclusions as to whether Contestant did or did not maintain standing to initiate a will contest in the in solemn form proceedings.

- 15 -

## VI. Issues Relative to the Instrument

Having concluded that the trial court did not properly halt the in solemn form proceedings and make a determination as to Contestant's standing, we further determine that issues pertaining to the statutory requirements of an attested will, to which the parties devote ample argument in their appellate briefs, are pretermitted. *See generally In re Estate of Ross*, 969 S.W.2d 398, 400 (Tenn. Ct. App. 1997); *see also In re Estate of Boye*, 2007 WL 3124424, at *2 (pretermitting all issues raised on appeal to address standing).

## VII. Remaining Issues

On appeal, Personal Representative also raises issues related to Decedent's alleged lack of testamentary capacity, as well as alleged undue influence upon Decedent because, in Contestant's second notice and motion, he had asserted lack of testamentary capacity and undue influence as an alternative argument to invalidate the Instrument in the event the Instrument was determined to be a validly executed last will and testament. Contestant had asserted similar arguments in his first notice and motion prior to the Instrument's adjudication as an invalid holographic will. Personal Representative maintains that the doctrines of *res judicata* and claim preclusion precluded the trial court from considering Contestant's arguments of lack of testamentary capacity and undue influence in his second notice and motion.

We note that the trial court declined to consider the issues of *res judicata* and claim preclusion because it first determined that Personal Representative did not satisfy her initial burden to demonstrate that the Instrument was a duly executed will. *See In re Estate of Eden*, 99 S.W.3d 82, 88 (Tenn. Ct. App. 1995) ("The proponents of the will have the initial burden of proving that the will was duly executed."). In its March 20, 2020 order, the trial court stated:

> As the allegations in the Complaint [for undue influence and lack of testamentary capacity] are based on the underlying assumption that there is a purported will, and this Court has dismissed the only document alleged to be a will, the Court hereby dismisses this action as to the claims of testamentary capacity and undue influence with prejudice.[7] Simply stated, the Court finds and holds that an action to have a will set aside as a result of undue influence and lack of testamentary capacity cannot proceed where the underlying will, itself, is not accepted and admitted into probate.

---

[7] The trial court subsequently amended its order to dismiss the claims of undue influence and lack of testamentary capacity "without prejudice."

- 16 -

It is abundantly clear that the trial court adjudicated Personal Representative's second petition on the basis that the Instrument was not duly executed; it did not adjudicate the second petition on the basis of lack of testamentary capacity or undue influence.[8] As a result of its determination that the Instrument was not a valid last will and testament, the trial court declined to consider Personal Representative's responsive arguments of *res judicata* and claim preclusion, which had been presented as defenses to Contestant's claims of undue influence and lack of testamentary capacity. *See In re Estate of Eden*, 99 S.W.3d at 88 (noting that following proof of a will's due execution, "the burden of proof then shifts to the contestant to prove the will is invalid for some reason."). Having determined that we must not address the substantive arguments regarding the will contest or the validity of the Instrument due to the lack of a finding concerning Contestant's standing, we further determine that the issues of lack of testamentary capacity and undue influence, as well as Personal Representative's responsive issues of *res judicata* and claim preclusion should not be addressed in this opinion.

## VIII. Attorney's Fees on Appeal

On appeal, Contestant requests an award of attorney's fees on the basis that the instant appeal is allegedly frivolous. As this Court has previously explained regarding frivolous appeals:

> Parties should not be forced to bear the cost and vexation of baseless appeals. Accordingly, in 1975, the Tennessee General Assembly enacted Tenn. Code Ann. § 27-1-122 to enable appellate courts to award damages against parties whose appeals are frivolous or are brought solely for the purpose of delay. Determining whether to award these damages is a discretionary decision.
>
> A frivolous appeal is one that is devoid of merit or one that has no reasonable chance of succeeding.

*Young v. Barrow*, 130 S.W.3d 59, 66-67 (Tenn. Ct. App. 2003) (internal citations omitted).

Similarly, Tennessee Code Annotated § 27-1-122 (2017) provides:

> When it appears to any reviewing court that the appeal from any court of record was frivolous or taken solely for delay, the court may, either upon motion of a party or of its own motion, award just damages against the appellant, which may include but need not be limited to, costs, interest on the judgment, and expenses incurred by the appellee as a result of the appeal.

---

[8] We reiterate that we do not reach a conclusion as to whether the trial court correctly determined that the Instrument was not a validly executed last will and testament.

We determine that Personal Representative's appeal was not so completely devoid of merit as to be deemed frivolous. Therefore, we exercise our discretion to deny Contestant's request for attorney's fees on appeal.

## IX. Conclusion

For the foregoing reasons, we vacate the trial court's judgment and remand the matter to the trial court to conduct proceedings preliminary to a will contest. If the trial court makes a determination that Contestant has standing to contest the Instrument, the court must enter an order sustaining that right and satisfy the other statutory requirements of Tennessee Code Annotated § 32-4-101. We decline to award attorney's fees to Contestant. Costs on appeal are assessed one-half to the appellant, Charlotte Clark, as personal representative for the estate of Winston Verlon Clark, Sr., and one-half to the appellee, Winston Verlon Clark, Jr.

s/ Thomas. R. Frierson, II
THOMAS R. FRIERSON, II, JUDGE